CAROLINE WOLF, EXECUTRIX OF FREDERICK WOLF, Respondent, *v.* FREDERICK LAUMAN, Appellant.

*Note negotiable—Notice to Endorser.*—A notice to an endorser of a negotiable promissory note, describing the note, and stating that the note has matured and not been paid, and that the holder looks to the endorser for payment, with interest, damages, and costs, is sufficient notice of dishonor, without alleging demand of payment from the maker.

*Practice—Evidence—Variance.*—The petition against the endorser of a negotiable note alleged due presentment and demand of payment; the evidence upon the trial showed that upon diligent inquiry the maker could not be found; *held,* that under the statute the variance was not material, the defendant not showing by affidavit that he was in any manner prejudiced thereby.

*Appeal from St. Louis Circuit Court.*

*Simmons, Woerner, and Billings,* for appellant.

I. The petition alleges, that on the day the note in question became due, " said plaintiff caused payment of said note to be demanded of the said maker, which was refused." On the trial of the case, the plaintiff was allowed to prove that he had made certain efforts to obtain demand upon the maker of the note, but had failed to do so.

This was error, as the pleadings are framed. Under the old practice, the proof might have been admissible ; but under the codes in New York and in this State, it is necessary to plead specially the facts, dispensing with the demand. (Edwards on Bills & Prom. Notes, 675.)

II. The plaintiff failed to prove any demand, or a state of facts rendering a demand unnecessary. The maker of the note resided in Illinois. The rule is, that " if a note is made in this State by a person who is known to reside in a foreign State, the payment must be demanded at the maker's residence." (Edwards on Bills & Prom. Notes, 159.)

III. It was the duty of the court to decide, that in this case the notice served upon the defendant was insufficient in law. There was no dispute about the facts as to the contents of the notice and its service. (Dole v. Gold, 5 Barb. 490.) The notice was as follows, omitting date, &c.:

" Dear Sir : A note of $22.50, made by Andrew Cole, and payable to your order, and endorsed by you, is due this day, and has not been paid. You will, therefore, take notice that I am the owner and holder of said note, and look to you for the payment of the same.

" Yours, &c.,        C. R. GOLD."

This notice was held to be defective, and the endorser was discharged. This case and the authorities referred to in the decision are so full upon the question that it will not be necessary to cite others.

*Krum & Decker*, for respondent.

I. The notice served on the endorser was sufficient to charge him.

The object of this notice is to put the endorser upon his guard, that he may secure any rights which may be within his power against prior parties. Any notice which answers these requisites is sufficient. The language of the elementary writers on this topic is, that the notice must state a dishonor of the note, and that the endorser is looked to for payment. The decisions have extended this definition to include all notices which by " reasonable intendment " imply a dishonor. (Hedge v. Stevenson, 2 Mee. & W. 799.) The earlier English cases were more strict in regard to the contents of these notices than the American cases. Solarte v. Palmer, which had been regarded as the leading case, has, however, been criticised and finally overruled by the English courts. (Eberhard v. Watson, 1 El. & Bl. 81 ; Lewis v. Gompertz, 6 Mee. & W. 402 ; Baily v. Porter, 14 Mee. & W. 44 ; Robson v. Curlewis, 1 Carr & Marsh. 378 ; Paul v. Joel, 7 Am. L. Reg. 681.)

The last being the latest case of record from the English exchequer, has consigned Solarte v. Palmer to the tomb. (See Solarte v. Palmer in Greenl. overruled cases, 2d ed. 1856.) In America the courts have never recognized So- larte v. Palmer. Where the notice to the endorser signifies an intention to hold the endorser liable, it is sufficient, al-

though it does not state a presentment. (Mills v. B'k U. S. 11 Wheat. 431; Shreve v. Duckham, 1 Lit. 194.) On the other hand, if the notice state a dishonor, it is unnecessary to state that the endorser is looked to for payment. (B'k U. S. v. Carneal, 2 Pet. U's, 543; B'k Cape Fear v. Seawell, 2 Hawks, 560; Cowles v. Harts, 3 Conn. 517; Warren v. Gilman, 5 Shep. 360; Chenning v. Gatewood, 5 How. Miss. 552; Sussex B'k v. Baldwin, 2 Har. 488, 490, 502; Clark v. Eldridge, 13 Met. 96; Woodin v. Foster, 16 Barb. 146.)

All the cases concur that the use of the words "protested," or "noting," or "charges," or "protested exchange," imply a dishonor. ("Noting," 2 M. & W. 799; 5 C. B. 687. "Charges," 6 Ad. & E. 499; 1 Ellis & B. 801; 6 Jurist, 738. "Protested Exchange," 2 Sand. 166. "Protested," 1 Const. 413; 2 Seld. 19; 2 Kern. 551; 18 Barb. 187; 2 Doug. 425; 10 N. H. 526; 9 Met. 174; 1 Doug. 296.) The words, with "interest, damages, and costs," in this State, have a statutory meaning, and apply to negotiable paper; the word "interest" would include the measure of damage; and the words "damages and costs" must have some meaning.

BATES, Judge, delivered the opinion of the court.

This was a suit against the endorser of a negotiable promissory note.

The petition averred demand of payment of the maker and refusal, and notice to the endorser of the presentation of the note, demand of payment and non-payment. The answer put in issue these averments:

1. As to the presentation of the note to the maker and demand of payment, there was none; but the plaintiff showed such a diligent attempt to find the maker as excused an actual demand. The court held that sufficient. The statute requires the court to disregard any error or defect in the pleadings or proceedings which shall not affect the substantial rights of the adverse party; and no judgment shall be

reversed or affected by reason of such error or defect. The statute also provides, that no variance between the allegation in the pleading and the proof shall be deemed material unless it has actually misled the adverse party to his prejudice; and the fact that he was thus misled must be shown by affidavit. Here there was no such affidavit, and although there was clearly a variance between the allegation and the proof, yet as the defendant has failed to show, in the manner the statute requires, that he was misled to his prejudice, we cannot so suppose. If it had been so, the error could have been corrected in the Circuit Court upon terms just to him.

2. The notice was in the following form:

" St. Louis, August 18, 1860.

" Mr. Frederick Lauman.

" Sir : Take notice that a negotiable note for $200, dated St. Louis, June 15, 1860, payable sixty days after date, and made by Nicholas Buttner, in favor of Jacob Seifred, endorsed by said Jacob Seifred and by yourself, has matured and not been paid. I, therefore, look to you for payment of said note with interest, damages, and costs.

" Respectfully, FRED. WOLF."

The objection to the notice is, that it does not state that a demand was made upon the maker, or any circumstances to excuse such demand. The note was described with certainty, and the facts stated of its maturity and non-payment; and that the endorser was looked to for payment.

Without going over the numerous cases, which in some points very much resemble this, it is thought sufficient to inquire whether this notice answers the purpose for which a notice is designed. The general purpose of the notice is to inform the endorser of the dishonor of the note, so that he may, if it be in his power, secure himself; and the fact to be communicated in some form is, that the note has been dishonored. No precise form of words is necessary, but those employed must be sufficient, not merely to excite suspicion and put the endorser upon inquiry, but to give him actual information of the dishonor, which means not only

the non-payment of the note at maturity, (which might be the result of negligence of the holder,) but also non-payment after due presentment and demand, or such condition of facts as excuses presentment and demand. The closing paragraph of the notice given in this case informs the endorser that the holder looks to him for payment of the note, with interest, damages, and costs. As the holder could only look to the endorser for payment upon the actual dishonor of the note, this, with the other information contained in the notice, seems to be sufficient to inform the endorser of the actual dishonor of the note, and makes it unnecessary that he should have stated in so many words the facts as to the presentment and demand. In this view it is unnecessary to say anything in respect to the plaintiff's attempt to prove an admission of notice of the defendant by the testimony given as to his words after the dishonor of the note.

Judgment affirmed. Judges Bay and Dryden concur.