Nave v. Richardson et als.

⁜

ABRAM NAVE, Plaintiff in Error, *v.* WM. K. RICHARDSON *et als.*, Defendants in Error.

*Note*—*Protest*—*Endorsers*—*Evidence.*—To secure the liability of the endorsers of a bill of exchange, or negotiable promissory note, demand of payment must be made of all the makers, and notice of demand and refusal must be given to the endorsers. A notary's protest, which stated "that he pre-

sented the same at the office of the makers and was refused payment," without stating from whom payment was demanded, does not show a proper demand and refusal of payment. In a suit against endorsers, such protest may be properly excluded as evidence. A demand of payment may be made by the holder of the note or bill, or any agent for him.

*Error to Buchanan Court of Common Pleas.*

*H. M. & A. H. Vories,* for plaintiff in error.

*Bassett & Lawson,* for defendants in error.

HOLMES, Judge, delivered the opinion of the court.

The holder sued the endorser upon a negotiable promissory note, of which the firm of Likens & Boyd and John H. Likens were the makers. On the trial, the plaintiff offered evidence proving the endorsement and transfer of the note to him, and the note was read in evidence. He then called as a witness Robert Boyle, who testified that he was the notary mentioned in the notarial protest which was shown to him, but that he had no remembrance of the manner of the protest, or of the time of day when he protested the note, other than what appeared by the protest itself and his notarial record, which were in substance the same; that he had no remembrance of serving notice of protest on the defendant, but that his custom was to search in the city for parties to whom notice of protest was to be given, and if he could not find them, then he put the notices in the post-office ; and " that Likens & Boyd and John H. Likens were partners," and had a business office in the city of St. Joseph.

The plaintiff then offered in evidence the notarial protest for the purpose of showing that the note had been duly protested for non-payment. In relation to the presentment, demand and refusal of payment, the protest stated merely that the notary " presented the same at the office of Likens & Boyd and was refused payment."

The defendant objected to the admission of the paper in evidence, and it was excluded by the court. Thereupon the plaintiff took a non-suit with leave to move to set the same

aside, and his motion being overruled, he brings the case up by writ of error.

The correctness of the ruling of the court in excluding the notarial protest, is the only question presented for determination. The matter to be proved was, that the note had been duly protested for non-payment, that is, the dishonor of the note. This main fact would consist of three elements: a presentment to the makers for payment, a demand of payment, and a refusal of payment; all which the notarial protest must show, otherwise it will contain no evidence which is competent to go to the jury on the main fact to be proved. And the first question is, whether it shows a presentment to the makers. The statement is that he presented the note at the office of Likens & Boyd, and was refused payment; no more. It is not stated that the note was presented to John H. Likens, nor that John H. Likens was the "Likens" named as one of the firm. Even if it might be inferred that the presentment was made during business hours, it would certainly be an unwarrantable assumption either that John H. Likens was there present, or that he was the person named as one of the firm. A presentment to a clerk at the office, or to either partner, would be sufficient for the firm doing business under the style mentioned in the protest; but it can scarcely be imagined that a presentment to a clerk, or to the partner Boyd, at the office of the firm, one of the makers, could be a presentment to John H. Likens, the other maker, when it does not appear by anything contained in the protest itself, either that he was present there, or that he was a member of the firm ; nor do we think it could be presumed, if made certain that the partner Likens was present, that he was the same person as John H. Likens. It was proved by other testimony, indeed, that John H. Likens was a member of the firm ; but that cannot help the instrument—the sufficiency of which alone, and its admissibility as evidence of a presentment, and a dishonor of the note by both makers, are now in question.

It would seem to be clear, that the paper did not purport

to state a presentment to John H. Likens in any manner. The authorities are decisive, that a presentment must be made to all the makers; otherwise it is not a valid presentment to charge an endorser. In such case, the dishonor of the bill or note is not proven. (Sto. Prom. Notes, § 239.) It is not necessary that the presentment and demand of payment should be made exclusively by a notary. The notary is merely the agent selected by the holder for that purpose, and the statute makes his notarial protest evidence of what it contains in relation to the demand and refusal, and the time, place, and manner of it. The holder might have selected any other agent, or presented it himself in person, and then proved the fact by any competent witness. He chose to do it by the notary. The notary is a competent witness, but his memory fails him, and he cannot prove the fact. The plaintiff is compelled to rely upon the notarial protest; but that, like the memory of the witness, fails to show the fact to be proved—the dishonor of the note. He then proposes to show by the protest, a part of the circumstances which are necessary to make up full proof, and to make out the rest by other evidence, and he insists that the instrument shall be admitted as evidence as far as it goes.

But from the very nature of the case this instrument is either admissible in evidence as such, or it is not. The statute makes it evidence of a demand and refusal as therein stated only. A notarial protest is evidence of a demand and refusal to pay a bill of exchange, or negotiable promissory note, at the time and in the manner stated in such protest (R. C. 1855, p. 298, § 20); and this may be considered as placing the protest upon the same footing as the protest of a foreign bill under the law merchant as to its admissibility and effect as evidence; but if the protest do not show a sufficient presentment, demand, and refusal of payment, to amount to a dishonor of the note, it is nothing to the purpose. If one material element be omitted, or not stated, the instrument comes short of being proof of the fact to be proved, and it must be wholly excluded.

This question was distinctly decided, and this principle laid down, in Musson v. Lake, (4 How. U. S., 273.) If it do not amount to any proof of the main fact, the dishonor of the note, it is not to go to the jury as even *prima facie* proof or any kind of presumptive evidence; it is no evidence, and therefore inadmissible.

Another question is, whether this protest contains any sufficient statement of a demand of payment. There is no such statement in any express words; it is not stated at all, unless it can be considered as impliedly contained in the expression, "and was refused payment." From what has been said it must be taken here as settled, that no demand of John H. Likens is even impliedly asserted in it, for there could have been no demand of him without a presentation to him for payment. On this a strong presumption would certainly arise, that a demand had in fact been previously made. But a notarial protest must state facts, and not merely presumptions of facts. If it were proper to be left to a jury, they would be very likely to infer from a statement of a refusal of payment, that payment had been demanded. The real question is, whether the statements are such as can be permitted to go to a jury at all. The notarial protest is a statement resting on the faith and credit due to a public officer, and it speaks as a witness not under oath. The statute which makes it evidence here, uses the words *demand* and *refusal*, both. It is said that the material part of the whole thing is "the making of the demand." (Davies' Abr. Bills of Ex., art. 11, § 2.)

In Musson v. Lake, it is held that the protest "must set forth the presentment, demand, and refusal of payment," and that "a presumption cannot be substituted for proof in violation of the rules of evidence;" and again, that, "without the word presentment and demand also, the plain meaning of the statute cannot be carried into effect: and the circumstances of the demand are the presentment, the place where the presentment and demand is made, and the person to whom or of whom it is made, and the answer made by

such person." In this protest here, we have the presentment, the day and place of the presentment, the maker to whom presented, and his answer, the refusal of payment; but no statement at all of any demand made, which was the principal thing to be done and stated. In Musson v. Lake, it seems the protest contained no express statement of a presentment or demand, but of a refusal of payment only, and the instrument was held "not to be evidence of the dishonor of the bill."

It was decided in Wolf v. Lauman (34 Mo. 575), that a verdict would not be set aside because a notice of protest had been *admitted* in evidence which did not state that a demand and refusal had been made; but the notice to endorsers being merely for the general purpose of informing the endorsers of the dishonor of the note, rests on somewhat different principles. Verdicts are sometimes aided by the statute of jeofails, but there is no statute to cure a defective protest, nor is there any principle of law, that we are aware of, that can supply omissions of material evidence. No case has been cited, nor any authority produced, which would warrant us in holding this protest to be admissible evidence to prove a demand of payment. We are of opinion that the instrument was no evidence of a dishonor of the note, and that it was rightly excluded.

The judgment will be affirmed. The other judges concur.