UNION NATIONAL BANK OF TROY *v.* WILLIAMS MILLING CO.

1. BILLS AND NOTES—CERTIFICATE OF PROTEST—REQUISITES.

A certificate of protest in the following form: "I, H. W., notary public, do hereby certify that I have this day duly protested for nonpayment the annexed bill," though properly dated and signed, is insufficient; a specification of the place and manner of presentment, and the person to whom presentment was made, being necessary to bind indorsers.

2. SAME—POSTDATING.

Under 1 How. Stat. § 632, making certificates of protest presumptive evidence of the facts contained therein, a certificate in proper form will be presumed to set forth the facts correctly, though dated more than six months after the actual protest.

Error to Bay; Maxwell, J. Submitted June 10, 1898. Decided July 12, 1898.

*Assumpsit* by the Union National Bank of Troy against the Williams Milling Company, Frank D. Pierson, and George L. Mosher on a promissory note. There was a judgment against the milling company alone, and plaintiff brings error. Reversed.

*T. A. E. & J. C. Weadock*, for appellant.

*T. F. Shepard*, for appellees.

LONG, J. This action was brought in *assumpsit* against the defendant Williams Milling Company (a corporation) as maker, and defendants Frank D. Pierson and George L. Mosher as indorsers, of a promissory note. The declaration is upon the common counts, to which is added a copy of the note sued upon, and a notice that the note constituted the plaintiff's sole cause of action. Defendants pleaded the general issue. Upon the trial the defendants

claimed that the notice of protest attached to the note was insufficient to bind defendants Pierson and Mosher as indorsers. It appeared that there was attached to the note the following certificate:

"UNITED STATES OF AMERICA, } ss.
    State of New York.

"I, Henry Wheeler, notary public, do hereby certify that I have this day duly protested for nonpayment the annexed bill.

"Troy, December 14, 1896.
                [Seal.]    "H. WHEELER, Notary Public."

When this note and certificate of protest were offered in evidence, the court below held that the certificate was insufficient, in that it did not show that payment of the note was demanded at the place of payment, or what the notary did, if anything, to notify the indorsers, and that plaintiff could not recover against the indorsers. The case being on trial before the court, an adjournment was given from May 13th to June 8th following, when the plaintiff again produced the note, and a certificate of protest, purporting to be made by the same notary, in due and legal form, which would have entitled the plaintiff, if attached to the note in the first instance, to hold the indorsers. It was conceded that this certificate was made out after the former partial hearing on the 13th of May, by the attorney for the plaintiff, drawn upon his typewriter at Bay City, Mich., and sent to the plaintiff bank, at Troy, N. Y., and there signed by the notary, and returned, without any change or alteration whatever being made in it as drawn at Bay City. The plaintiff then rested its case, and no other testimony was given upon the trial by either party. The court found that neither certificate was sufficient evidence of the protest of the note; that the second certificate was made more than six months after the actual protest of the note, and was not proof of the facts therein stated. Judgment was given for the plaintiff against the Williams Milling Company, as maker of the note, and in favor of defendants Pierson and Mosher.

Section 632; 1 How. Stat., makes such certificates pre-sumptive evidence of the facts contained therein in all courts of this State. Counsel for plaintiff contend that the first certificate was sufficient evidence of the due pre-sentment and protest of the note. We cannot agree with this view. The essentials of a protest are the time, place, and manner of presentment, demand, and dishonor, the person by whom and to whom presentment was made. 2 Daniel, Neg. Inst. § 950. Where a bill is payable at a bank, the protest must state a demand made there. *Peo-ple's Bank* v. *Brooke*, 31 Md. 7 (1 Am. Rep. 11); *Nave* v. *Richardson*, 36 Mo. 130. None of these requisites is shown in the first protest. The place and manner of pre-sentment are wholly lacking, and the person to whom the presentment was made is not stated. The purpose of the statute is to avoid the necessity of calling the notary, and to make his certificate *prima facie* evidence. The evi-dence contained in the first certificate was not sufficient to warrant a judgment against the indorsers.

But counsel further contend that at least the court was in error in refusing to enter judgment after the second certificate was received in evidence. In this contention we think counsel are correct. In *Burkam* v. *Trow-bridge*, 9 Mich. 209, it was said:

"The object of this notice has always been held to be merely to bring home to the party sought to be charged information that the paper has been presented at maturity, and dishonored, and that he is looked to for payment. * * * The protest of a note includes, by natural inference, the timely demand and refusal which alone could justify it; and a notice of protest, therefore, is an inferential state-ment of these."

Our statute makes such certificate of protest *prima facie* evidence. A proper certificate is annexed to the note, and the only objection made is that it does not bear date as of the day the presentment was made. If a note or memorandum had been made by the notary at the time he made the presentment, showing what was done, and time when, a certificate made up from that memorandum

would have been sufficient. *Bailey* v. *Dozier*, 6 How. 23. In New York even this memorandum would not have been necessary, but the certificate of the notary is held to be *prima facie* evidence of the facts recited in it, though the certificate be made and dated two years after the date of presentment. *Cayuga County Bank* v. *Hunt*, 2 Hill, 635. We cannot presume that the notary did not do all that is stated in his certificate, though the certificate is dated six months after the date of presentment. The presumption, under this statute, which makes the certificate evidence, is that the certificate correctly sets out the facts.

The judgment below must be reversed, and judgment entered here in favor of the plaintiff against all the defendants.

The other Justices concurred.