STATE BAR GRIEVANCE ADMINISTRATOR v POSLER

1. ATTORNEY AND CLIENT—STATE BAR RULES—SUPREME COURT—
   HEARING PANEL—ATTORNEY'S MISCONDUCT—EVIDENCE—PRE-
   PONDERANCE OF EVIDENCE—DISCIPLINARY ORDER.

   The Michigan Supreme Court has established the *preponderance
   of the evidence test* to be the one applied since the adoption of
   a State Bar rule, effective March 1, 1970, providing that if a
   hearing panel finds that the charges of misconduct against an
   attorney are established as true by a preponderance of the
   evidence it shall enter an order for discipline (State Bar Rule
   16.13).

2. ATTORNEY AND CLIENT—ATTORNEY'S GROSS NEGLIGENCE—EVIDENCE
   —AUTOMOBILES—DISMISSAL AND NONSUIT.

   Evidence was sufficient to support the conclusion of gross negli-
   gence of an attorney in failing to advance a lawsuit to its
   judicial conclusion where he was retained to represent clients
   in their claim for damages arising out of an auto accident, he
   started their suit 3 years later, the case was dismissed about 11
   months later but was reinstated 2 years and 8 months after-
   wards, the undisputed fact is that the attorney made no effort
   to determine the status of his clients' case from the date it was
   dismissed until they complained to the Bar Association about 1
   year and nearly 11 months after the dismissal of the case, and
   the attorney denied misleading them when they repeatedly
   asked him when the case would be tried but says he informed
   them that the case would be tried "soon".

3. ATTORNEY AND CLIENT—APPEAL AND ERROR—SUPREME COURT—
   CENSURE—PENALTY.

   The Michigan Supreme Court is not bound by the fact finder's

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 7 Am Jur 2d, Attorneys at Law §§ 17, 64.
   Suspension or revocation of medical or legal professional license as
   violating due process—federal cases, 98 L Ed 851.
[2] 7 Am Jur 2d, Attorneys at Law §§ 171, 178, 186.
   Attorney's liability for negligence in preparing or conducting litiga-
   tion, 45 ALR2d 5.
[3] 7 Am Jur 2d, Attorneys at Law § 53.

conclusion, and because it has the ultimate responsibility for approving the censure imposed on an attorney, it will examine the whole record so that it may conclude whether the penalty is appropriate.

Appeal from State Bar Grievance Board. Submitted September 4, 1973. (No. 6 September Term 1973, Docket No. 54,407.) Decided December 18, 1973.

Disciplinary proceedings against Donald M. Posler. Order entered suspending respondent from practicing law for 30 days. Respondent appeals. Affirmed.

*Louis Rosenzweig,* for the State Bar Grievance Administrator.

*Donald M. Posler, in propria persona.*

T. G. KAVANAGH, J. The respondent was suspended from the practice of law for 30 days for gross negligence in the handling of a claim in the Common Pleas Court for the City of Detroit.

On appeal he poses one question:

"In a State Bar Grievance Proceeding, does a mere preponderance of the evidence sustain a Hearing Panel's finding of gross negligence by Respondent in the performance of his professional duties?"

He cites decisions of this Court in *State Bar of Michigan v Woll,* 387 Mich 154; 194 NW2d 835 (1972); *Matter of Hamilton Baluss,* 28 Mich 507 (1874); and *In re Clink,* 117 Mich 619; 76 NW 1 (1898) in support of his contention that the evidence must be "clear and convincing" and not simply "a preponderance of the evidence".

Section 16.13 of the State Bar Grievance Rules provides in pertinent part:

"If the Hearing Panel finds that the charges of mis-
conduct are established as true by a *preponderance of
the evidence,* the Hearing Panel shall enter an order
for discipline." (Emphasis supplied.)

Thus, whatever the standard may have been
prior to the adoption of that rule effective March
1, 1970, the Court has established the *preponder-
ance of the evidence test* to be the one applied
since that date.

The case at bar offers no persuasive reason to
change the test.

The respondent was retained in December, 1965,
to represent Mr. & Mrs. Milieo DeJohn in their
claim for damages arising out of an auto accident
in that month. In December, 1968, he started suit
on their behalf in the Common Pleas Court for the
City of Detroit. On March 5, 1969, a motion to
dismiss or in the alternative to compel answers to
interrogatories was filed by the defendants in the
common pleas suit, and an order to that effect was
entered on March 11, 1969.

No answers having been filed by respondent on
October 24, 1969, a motion to dismiss was again
filed by the defendants. After two adjournments
the case was dismissed on November 14, 1969.

On July 13, 1972 the case was reinstated upon
proof that the respondent had in fact filed the
answers to the interrogatories on November 9,
1969.

The undisputed fact is that the respondent made
no effort to determine the status of his clients'
case from November 14, 1969, until they com-
plained to the Bar Association on October 8, 1971.
He denies misleading them when they repeatedly
asked him when the case would be tried, but says
he informed them that the case would be tried
"soon".

This undisputed fact is sufficient evidence to support the conclusion of gross negligence in failing to advance the lawsuit to its judicial conclusion whatever standard be applied.

Here the dispute is not over the facts or whether the evidence supports them, but rather whether the conclusion to be drawn from the admitted facts warrants censure.

We are not presently disposed to change the rule as it applies to the fact finders. If their conclusion be based on a preponderance of evidence we will not set it aside.

In any event, we are not bound by the fact finders' conclusion, and because we have the ultimate responsibility for approving the censure imposed we will examine the whole record so that we may conclude whether the penalty is appropriate.

Here we see no reason to alter the Grievance Board's order.

Affirmed.

T. M. KAVANAGH, C. J., and T. E. BRENNAN, SWAINSON, WILLIAMS, LEVIN, and M. S. COLEMAN, JJ., concurred with T. G. KAVANAGH, J.