STATE BAR GRIEVANCE ADMINISTRATOR v BECK

Docket No. 57747. Argued June 9, 1976 (Calendar No. 6).—Decided
   May 2, 1977.

   Sheldon H. Beck was suspended from the practice of law for two
   years by the State Bar Grievance Board. The board found the
   respondent guilty of professional misconduct on two counts for
   failing to file an action for divorce after accepting a retainer,
   and permitting an action to collect benefits under an insurance
   policy to be dismissed for lack of progress after misrepresenting
   the status of the trial and settlement to the client. Respondent
   appeals. *Held:*

   1. The Supreme Court reviews the findings and conclusions of
   the State Bar Grievance Board to determine whether they have
   proper evidentiary support on the whole record. The testimony
   of the respondent's former clients clearly supports the hearing
   panel's conclusions. The conflicting testimony by the respon-
   dent and his clients was resolved against him upon evidence
   fully justifying the conclusions reached.

   2. Questions to the respondent concerning previous orders of
   discipline were proper because the Grievance Board Rules
   require that the hearing panel's report include a summary of
   all previous misconduct for which the respondent has been
   disciplined.

   3. Alleged errors in the order of suspension amounted to
   typographical errors in citation of certain State Bar Rules and
   the number of a hearing panel. The order referred to the
   disciplinary rules under the original numbering, and the mem-
   bers of the hearing panel that heard the testimony are the
   members who entered the report and order. No prejudice
   resulted, but the order is modified to correct the errors.

REFERENCES FOR POINTS IN HEADNOTES

[1] 7 Am Jur 2d, Attorneys At Law § 16.
[2] 7 Am Jur 2d, Attorneys At Law § 27.
[3] 7 Am Jur 2d, Attorneys At Law § 19.
[4] 7 Am Jur 2d, Attorneys At Law §§ 63, 66.
[5] 7 Am Jur 2d, Attorneys At Law § 20.
[6, 7] 7 Am Jur 2d, Attorneys At Law § 60.

4. The nexus between the State Bar Grievance Administrator and the State Bar Grievance Board in disciplinary proceedings would not be sufficiently attenuated to negate a contention that a respondent was denied a fair hearing before an impartial tribunal if the grievance administrator was present during the deliberations of the respondent's case. However, there is no evidence that the grievance administrator took part in, or was even present during, the board's deliberation of this case. The agenda for the board's meeting included "Administrator's Reports" to the board after the respondent's hearing, which is a plausible explanation for his presence at the meeting. Therefore, there were no "special facts and circumstances" which give rise to an inference that the respondent was denied a fair and impartial hearing before the State Bar Grievance Board.

Affirmed.

1. ATTORNEY AND CLIENT—STATE BAR GRIEVANCE BOARD—APPEAL AND ERROR.

The Supreme Court reviews the findings and conclusions of the State Bar Grievance Board in disciplinary proceedings to determine whether they have proper evidentiary support on the whole record (Grievance Board Rule 16.24[h]).

2. ATTORNEY AND CLIENT—STATE BAR GRIEVANCE BOARD—PROFESSIONAL MISCONDUCT.

The State Bar Grievance Board committed no error in affirming the findings and conclusions of a hearing panel that a respondent attorney was guilty of professional misconduct where, confronted by conflicting testimony by the respondent and his clients, the hearing panel was required to determine whose version of the facts was truthful, and resolved the matter against the respondent upon evidence fully justifying the conclusions reached (DR 1-102[A][4], DR 1-102[A][5], DR 6-101[A][3], DR 7-101[A][2], DR 7-101[A][3]).

3. ATTORNEY AND CLIENT—STATE BAR GRIEVANCE BOARD—EVIDENCE—PREVIOUS MISCONDUCT.

Questions to a respondent in disciplinary proceedings before a hearing panel of the State Bar Grievance Board concerning previous orders of discipline against him are proper because the Grievance Board Rules require that the hearing panel's report include a summary of all previous misconduct for which the respondent has been disciplined (Grievance Board Rule 16.13).

4. ATTORNEY AND CLIENT—STATE BAR GRIEVANCE BOARD—ORDER OF
   DISCIPLINE—TYPOGRAPHICAL ERRORS.

   No prejudice resulted from typographical errors in an order of
   discipline by the State Bar Grievance Board which referred to
   the disciplinary rules of the State Bar under the original
   numbering, and gave an incorrect hearing panel number where
   the members of the panel that heard the testimony were the
   same members who entered the report and order.

5. ATTORNEY AND CLIENT—STATE BAR GRIEVANCE BOARD—DISCIPLI-
   NARY PROCEEDINGS—DUE PROCESS.

   The State Bar Grievance Board's disciplinary procedures are not
   inherently defective, and do not deny a respondent due process
   merely because the same agency makes the initial charge and
   the ultimate adjudication.

6. ATTORNEY AND CLIENT—STATE BAR GRIEVANCE BOARD—DISCIPLI-
   NARY PROCEEDINGS—DUE PROCESS.

   The nexus between the State Bar Grievance Administrator and
   the State Bar Grievance Board in disciplinary proceedings
   would not be sufficiently attenuated to negate a contention that
   a respondent was denied a fair hearing before an impartial
   tribunal if the grievance administrator was present during the
   deliberations of the respondent's case.

7. ATTORNEY AND CLIENT—STATE BAR GRIEVANCE BOARD—DISCIPLI-
   NARY PROCEEDINGS—DUE PROCESS.

   There were no "special facts and circumstances" in a State Bar
   disciplinary proceeding which gave rise to an inference that the
   respondent was denied a fair and impartial hearing before the
   State Bar Grievance Board where the State Bar Grievance
   Administrator entered the room which members of the griev-
   ance board occupied after hearing oral argument on the respon-
   dent's case, but there was no evidence that the grievance
   administrator took part in, or was even present during, the
   board's deliberation of the case, and there was a plausible
   explanation for his presence at the meeting of the board
   following the hearing.

*Eugene N. LaBelle,* Associate Counsel to State
Bar Grievance Administrator.

*William R. McFadden* for respondent.

RYAN, J. Appellant, Sheldon Beck, is before the

Court on an appeal from the State Bar Grievance Board's affirmance of a two-year suspension of his privilege to practice law, ordered by the hearing panel.

Mr. Beck was charged with four counts of professional misconduct, two of which were dismissed by the panel after a hearing. As to the remaining two counts, it was found that Mr. Beck violated Canon 6, DR 6-101(A)(3), Canon 7, DR 7-101(A)(2), DR 7-101(A)(3), and Canon 1, DR 1-102(A)(4), DR 1-102(A)(5) of the Code of Professional Responsibility,[1] and State Bar Rule 15, § 2(1)-2(4).[2] The disci-

---

[1] The enumerated Canons and Disciplinary Rules of the Code of Professional Responsibility provide as follows:

Canon 1: "A lawyer should assist in maintaining the integrity and competence of the legal profession."

DR 1-102: "(A) A lawyer shall not:

"(4) Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.

"(5) Engage in conduct that is prejudicial to the administration of justice."

*   *   *

Canon 6: "A lawyer should represent a client competently."

DR 6-101: "(A) A lawyer shall not:

*   *   *

"(3) Neglect a legal matter entrusted to him."

Canon 7: "A lawyer should represent a client zealously within the bounds of the law."

DR 7-101: "(A) A lawyer shall not intentionally:

*   *   *

"(2) Fail to carry out a contract of employment entered into with a client for professional services, but he may withdraw as permitted under DR 2-110, DR 5-102, and DR 5-105.

"(3) Prejudice or damage his client during the course of the professional relationship, except as required under DR 7-102(B)."

[2] State Bar Rule 15 provides in part:

"Sec. 2. Grounds for Discipline in General. The following acts or omissions by a member of the bar of this State, individually or in concert with any other person or persons, shall constitute misconduct and shall be grounds for discipline whether or not the act or omission occurred in the course of an attorney-client relationship.

"(1) Conduct prejudicial to the proper administration of justice;

pline imposed was a two-year suspension and costs of $631.90.

The findings and order of discipline were affirmed by the State Bar Grievance Board.

The appellant has advanced numerous assignments of error which present three issues on appeal:

1) Whether the hearing panel's findings and conclusions are supported by the record;

2) Whether appellant was afforded a fair hearing before the hearing panel; and

3) Whether appellant was afforded a fair hearing before the State Bar Grievance Board.

I

The two counts of the formal complaint upon which the findings of misconduct are based arose out of requests for investigation from two of Mr. Beck's clients. In one case, the complainant, a Mr. Hawkins, testified that he retained Mr. Beck in November of 1973 to institute divorce proceedings and paid him $200. The complaint for divorce was prepared and signed by Mr. Hawkins but never filed or served upon the defendant. The complainant further stated that throughout April, 1974, he was unable to reach appellant by telephone and that he received no response to a letter to appellant asking for an explanation of the failure to file the complaint. Mr. Hawkins finally retained other counsel and obtained a divorce in October, 1974.

"(2) Conduct that exposes the legal profession or the courts to obloquy, contempt, censure or reproach;

"(3) Conduct that is contrary to justice, ethics, honesty or good morals;

"(4) Conduct that violates the standards or rules of ethics or professional responsibility adopted from time to time by the Supreme Court of this State * * * ."

His $200 retainer was refunded in October, 1974, through the State Bar Grievance Administrator's office.

Mr. Beck testified that his failure to file the divorce complaint was due to his misunderstanding of his client's instructions. He stated his impression was that the prepared complaint was not to be filed until the client had attempted to gain custody of his children from Mrs. Hawkins. Mr. Beck stated he understood that further action in the matter was to abide further instructions from his client, and since none were forthcoming, he did nothing about the case.

The second formal complaint concerned another client, Mrs. Swiencicki, who testified that she retained Mr. Beck to attempt to recover benefits to which she believed she was entitled under an insurance policy. Appellant accepted a retainer totaling $225, prepared and filed a complaint, affidavit and default, and took a default judgment. The judgment was subsequently set aside by the court and the insurance company filed an answer. Mr. Beck, however, failed to notice the case for trial and the action was dismissed for lack of progress in October, 1973. The complainant testified that Mr. Beck told her that trial dates were set in March and July of 1974; that she met with appellant prior to each date to prepare for trial; and that he told her that settlement negotiations with the insurance company ultimately resulted in the defendant agreeing on the day before the July trial date to pay the full amount of the claim.

Mr. Beck testified that the meetings with the complainant in March and July, 1974 were not for the purpose of preparing for trial; denied telling the client that trial dates had been obtained; denied telling her that he had negotiated a settle-

ment, and argued that discipline should not be predicated upon the dismissal of the complainant's case for lack of progress because the lawsuit was reinstated in February, 1975 and ultimately settled in October, 1975.

In State Bar disciplinary proceedings on appeal to the Supreme Court, we review the findings and conclusions of the hearing panel, as affirmed by the State Bar Grievance Board, to determine whether they "have proper evidentiary support on the whole record". *State Bar Grievance Administrator v Estes,* 390 Mich 585, 593; 212 NW2d 903 (1973); Grievance Board Rule 16.24(h).

Having done so in this case, we conclude that the testimony of Mr. Beck's former clients clearly supports the panel's conclusions that Mr. Beck accepted a retainer from Mr. Hawkins to file a divorce action and failed to carry out the undertaking, contrary to Canon 6, DR 6-101(A)(3), and Canon 7, DR 7-101(A)(2) of the Code of Professional Responsibility, and that he accepted a retainer from Mrs. Swiencicki to attempt to collect an insurance benefit and allowed the case to be dismissed on the no progress calendar. The record further supports the conclusion that Mr. Beck misrepresented to Mrs. Swiencicki the status of her case and the settlement negotiations, contrary to Canon 7, DR 7-101(A)(2), DR 7-101(A)(3), Canon 6, DR 6-101(A)(3), and Canon 1, DR 1-102(A)(4), DR 1-102(A)(5).

Mr. Beck's testimony was sharply at odds with that of the two complainants. Confronted by the conflicting testimony, the hearing panel was required to determine whose version of the facts was truthful. The matter was resolved against the appellant upon evidence fully justifying the conclusions reached. The grievance board committed

no error in affirming the findings and conclusions of the hearing panel.

## II

Appellant next contends that he was denied a fair hearing before the hearing panel because a panel member questioned appellant regarding previous disciplinary proceedings; because of certain errors in the order of suspension and because the panel "made such repeated, incorrect and prejudicial rulings as to completely undermine [appellant's] defenses".

The questions put to Mr. Beck by the panel, touching upon previous orders of discipline, were entirely proper because Grievance Board Rule 16.13 requires that the hearing panel's report include "a summary of all previous misconduct for which the respondent has been disciplined". The questions were designed to elicit the required information and were proper for that purpose.

The errors in the order of suspension amounted to a misstatement of certain State Bar Rules, and reference to the order of Panel "1" when the hearing was conducted before Panel "3". As to the first claim, the order refers to the disciplinary rules under the original numbering. Compare 383 Mich xl with 386 Mich lxxiii. As to the second claim, the members of the hearing panel that heard the testimony are the members who entered the report and order. The "error" was obviously typographical. No prejudice resulted.

Finally, we hold that the record does not support appellant's claim that the panel's rulings were repeatedly erroneous so as to undermine appellant's defense.

Appellant received a fair hearing before the hearing panel.

## III

Appellant also contends that he was denied a fair hearing by the State Bar Grievance Board which affirmed the hearing panel's report and order of discipline.

Appellant acknowledges our recent holding that the grievance board's procedures are not inherently defective and do not deny a respondent due process merely because the same agency made the initial charge and the ultimate adjudication. *State Bar Grievance Administrator v Baun,* 395 Mich 28; 232 NW2d 621 (1975). He contends, however, that in this case the grievance administrator was present when the members of the grievance board were deliberating upon his case, thus giving rise to "special facts and circumstances" such that "the risk of unfairness is intolerably high". See *Withrow v Larkin,* 421 US 35; 95 S Ct 1456; 43 L Ed 2d 712 (1975); *State Bar Grievance Administrator v Baun, supra.*

If Mr. Beck's contention that the grievance administrator was present during the deliberations of appellant's case is true, then, indeed, the "nexus between the State Bar Grievance Administrator" and the grievance board would not be "sufficiently attenuated as to negate [the] contention" that appellant was denied a fair hearing before an impartial tribunal. *Baun, supra* at 34.

Appellant's supplemental record indicates that the grievance administrator may indeed have entered the room which the members of the grievance board occupied after hearing oral argument on appellant's case. There is no evidence, however,

that he took part in, or was even present during, the board's deliberation of the case. In fact, the agenda for the board's October 17, 1975 meeting included, *inter alia,* appellant's hearing followed by certain "Administrator's Reports" to the board.

Because there is no evidence that the grievance administrator was present during the board's deliberation of appellant's case, and because there is a plausible explanation for the administrator's presence at the meeting, we do not find "special facts and circumstances" which give rise to the inference that appellant was denied a fair and impartial hearing before the State Bar Grievance Board.

We modify the order of the State Bar Grievance Board to correct the hearing panel's order to refer to State Bar Rule 15, § 7 in lieu of State Bar Rule 14, § 7, and to refer to Grievance Board Rule 16.21 in lieu of Grievance Board Rule 15.20.

The order of the State Bar Grievance Board affirming the decision of the hearing panel is affirmed as modified.

KAVANAGH, C. J., and WILLIAMS, LEVIN, COLEMAN, and FITZGERALD, JJ., concurred with RYAN, J.

BLAIR MOODY, JR., J., took no part in the decision of this case.