STATE BAR GRIEVANCE ADMINISTRATOR v KOPP

Docket No. 59215. Argued October 5, 1977 (Calendar No. 8).—Decided
    November 28, 1977. Rehearing denied, *ante*, p 958.

    J. Michael Kopp was suspended from the practice of law for 60
days by the State Bar Grievance Board for failure to carry out
a contract with a client to initiate an appeal of a criminal
conviction, for neglecting a legal matter entrusted to him, and
for failure to answer a request for investigation. Respondent
appeals. *Held:*

    1. The issue before the hearing panel of the State Bar
Grievance Board was the terms of a retainer agreement be-
tween the respondent and his client. The client's statement in a
request for investigation that the respondent had agreed to file
a brief with the appeal court was rebutted by the respondent's
testimony that he had agreed to appeal the client's conviction
only if meritorious grounds were found. The client did not
testify at the hearing and the only other testimony on the issue
was given by the client's mother, who did not participate in the
discussions on the terms of the retainer agreement. The
charges that the respondent failed to carry out a contract with
his client and neglected a legal matter entrusted to him do not
have proper evidentiary support on the whole record.

    2. The State Bar Grievance Board erred in summarily deny-
ing the respondent's motion for rehearing which was accompa-
nied by an affidavit by the client which corroborated the
respondent's testimony on the terms of the agreement. The
client stated that he had asked for an investigation because he
felt that the respondent might owe him money and that he
would have made the statements earlier but that no one from
the State Bar had ever contacted him.

    3. An attorney's failure to answer a request for investigation
or formal complaint in violation of the procedural and adminis-
trative rules of the State Bar Grievance Board constitutes
professional misconduct. After reviewing the respondent's testi-
mony explaining the reasons for his failure to respond, the
Court determines the appropriate discipline to be a reprimand.

    Reversed as to the failure to carry out a contract and the
neglect of a legal matter and the order of discipline modified.

*Eugene N. LaBelle,* Associate Counsel to State Bar Grievance Administrator.

*Robert A. Steadman* for respondent.

PER CURIAM. The State Bar Grievance Board suspended J. Michael Kopp's license to practice law for 60 days. The hearing panel found that the respondent had been retained to appeal William Guthrie's criminal conviction, but had failed to perfect an appeal as of right or initiate proceedings for a delayed appeal and had not informed his client that the time for filing a claim of appeal as of right had expired. The panel concluded that he had neglected a legal matter entrusted to him and had failed to carry out a contract with a client for professional services in violation of Canons 6 and 7 of the Code of Professional Responsibility. A claim made by Kopp on appeal is that these findings and conclusions are not supported by the record.

The board claims the respondent's failure to answer Guthrie's request for investigation and the testimony of Guthrie's mother at the hearing supported the panel's findings. William Guthrie's request for investigation stated that Kopp agreed to "file a brief with the appeal court" and that Guthrie did not believe this had been done. Kopp did not answer the request for investigation and a default was entered pursuant to Grievance Board Rule 16.6.1. Mrs. Guthrie testified at the hearing that Kopp was retained to effect an appeal, but she said she had not been present during the discussions on the terms of the agreement between her son and Kopp.

Kopp testified that the terms of the retainer agreement were that he would study the trial transcript and record and would appeal the conviction if grounds for an appeal were found. After

studying the transcript and researching the law, he concluded that there were no grounds for an appeal. He testified that he told Guthrie there were no grounds for an appeal, but could not remember whether he told him that the time for filing a claim of appeal as of right had expired.

The standard of review is whether upon the whole record there is proper evidentiary support for the findings of the grievance board. *State Bar Grievance Administrator v Estes,* 390 Mich 585; 212 NW2d 903 (1973), *State Bar Grievance Administrator v Posler,* 390 Mich 581; 213 NW2d 133 (1973). At issue were the terms of a retainer agreement between Guthrie and his attorney. Guthrie did not testify at the hearing. Mrs. Guthrie said she did not participate in the discussions on the terms of the agreement. Guthrie's statement in the request for investigation that Kopp had agreed to file a brief was rebutted by Kopp's testimony that he agreed to appeal the conviction only if meritorious grounds were found. The charges that Kopp failed to carry out a contract with his client and neglected a legal matter entrusted to him do not have proper evidentiary support on the whole record. *State Bar Grievance Administrator v Beck,* 400 Mich 40; 252 NW2d 795 (1977).

Although the remaining issues raised by the respondent concerning these charges need not be resolved, the board's failure to grant his motion for rehearing merits some discussion. Attached to that motion was an affidavit by William Guthrie containing statements which corroborated Kopp's testimony on the terms of the agreement. Guthrie stated that the agreement was that Kopp would appeal the conviction only if he found substantial grounds for an appeal and that he asked for an

investigation because he felt Kopp might owe him some money. He claimed he would have made these statements earlier, but that no one from the State Bar had ever contacted him. The affidavit raised serious questions about the basis for the disciplinary order. The board erred in summarily denying the motion for rehearing "for lack of merit".

The other ground for discipline concerned the respondent's failure to comply with the procedural rules of the grievance board. He failed to answer the request for investigation. His answer to the formal complaint was not timely filed, as required by Grievance Board Rule 16.11(a). An attorney's failure to answer a request for investigation or formal complaint in violation of the procedural and administrative rules of the State Bar Grievance Board constitutes misconduct under State Bar Rule 15, § 2(7). After reviewing the respondent's testimony explaining the reasons for his failure to comply with the Grievance Board Rules, we determine the appropriate discipline to be a reprimand.

The findings that the respondent failed to carry out a contract and neglected a legal matter are vacated and the disciplinary order is reduced to a reprimand.

KAVANAGH, C. J., and WILLIAMS, LEVIN, COLEMAN, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred.