TAYLOR *v.* WAYNE CIRCUIT JUDGE.

1. APPEAL AND ERROR—PARTIAL TRANSCRIPT.

Plaintiffs, husband and wife, in action against doctor for malpractice and for assault and battery and rape allegedly committed on the person of plaintiff wife, should not be prevented by reason of poverty, from reviewing denial of motion for new trial by a partial transcript of the testimony taken below limited to a portion adequate for consideration of 4 questions of error to be urged on appeal, where neither defendant nor respondent circuit judge has shown that defendant's position on appeal would be prejudiced by lack in the record or appendix of any additional portion of the testimony, especially where court rules provide for requiring additional matters or a full transcript (Court Rule No 67, § 6, as amended; No 70, § 5, [b], as added).

2. MANDAMUS—QUESTIONS REVIEWABLE—PARTIAL TRANSCRIPT.

The merits of an appeal in the main case are not before the Supreme Court in a mandamus proceeding to compel circuit judge to permit review of such case on a partial transcript that appears to be adequate to present the 4 alleged claims of error sought to be reviewed by the Supreme Court (Court Rule No 67, § 6, as amended; No 70, § 5 [b], as added).

Mandamus by Alean Taylor and Isaac Taylor against Wayne Circuit Judge Joseph A. Sullivan to compel signing of order granting permission to file a partial transcript in appeal of 2 cases. Submitted October 2, 1962. (Calendar No. 49,854.) Writ granted December 4, 1962.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 4 Am Jur 2d, Appeal and Error § 434.

*Louis L. Welner,* for plaintiffs.

*Moll, Desenberg, Purdy, Glover & Bayer,* for defendant.

DETHMERS, J.  Plaintiffs, husband and wife, sued a defendant doctor for malpractice and for assault and battery and rape allegedly committed on the person of plaintiff wife.  A jury returned a verdict of no cause for action.  Plaintiffs' motion for new trial was denied.  They took an appeal to this Court.

After appealing here, plaintiffs filed a motion in circuit court, under Michigan Court Rule No 66, § 2 (1945)* requesting permission to file a transcript in the appeal consisting of only part of the testimony and matters taken by the reporter on trial.  The motion was denied.

On application here for mandamus to compel the circuit judge to grant plaintiffs' motion for filing only a partial transcript in the appeal, this Court issued an order *nisi* requiring the circuit judge to show cause, on or before a certain date, why a writ should not issue as prayed, unless he should, before that date, enter an order vacating his previous order denying plaintiffs' petition and, instead, granting them the requested relief.

The respondent circuit judge ultimately elected to make return to the order *nisi* and to let his order denying plaintiffs' petition stand.  The matter is thus submitted to this Court on plaintiffs' petition in this Court, respondent's return, and the briefs for and oral arguments made on behalf of the parties.

Plaintiffs' request to file a partial transcript was predicated on inability, by reason of poverty, to procure and pay for a full transcript.  This is not controverted.  They stated in support of their motion

* As amended.  See 347 Mich xviii.—REPORTER.

below and application here that the trial extended over several days, that most of the testimony related to the malpractice claim, and that on appeal here they will confine their presentation to the assault and battery and rape aspects of the case. They further say that their appeal will be limited to 4 listed assignments of error in that connection. The proffered partial transcript is set forth in their appendix in these proceedings. It appears that it is adequate for consideration of the 4 questions of error which they say they will urge on appeal. Neither defendant nor respondent makes a showing that defendant's position on the appeal, confined to those 4 questions, would be prejudiced by lack in the record or appendix of any additional portion of the testimony or hearings which would be included in a full transcript. Under such circumstances, we think plaintiffs' appeal ought not to be prevented by their inability to pay for and furnish a full transcript.

If it develops on appeal that plaintiffs are urging additional matters, beyond those to which they now say they will limit themselves, or that the record and partial transcript as furnished by plaintiffs is, for that or any other reason, insufficient for a fair presentation of the case to this Court, it will still be competent for this Court to require additional matters or a full transcript, or compliance, if lacking, with the Court Rule No 67, § 6 (1945)* requirement that all testimony, exhibits or material shall be included relating to the subject matter of what plaintiffs already have included, or, finally, to invoke the penalties provided in Court Rule No 70, § 5(b) (1945).†

In the brief for respondent, prepared by attorneys for defendant in the main case, it is said that the 4 claims of error, upon which plaintiffs say they intend to rely to secure a reversal and new trial in that case,

---

* As amended. See 347 Mich xxii and 355 Mich xiv.—REPORTER.
† As added. See 347 Mich xxx.—REPORTER.

are without merit and could not result in reversal therein. It is urged, in effect, that, for that reason, the writ of mandamus herein should be denied. The idea apparently is that, thus, an allegedly nonmeritorious appeal will be choked off by holding plaintiffs-appellants to a requirement for a full transcript for which they are unable to pay so that they will be compelled to drop their appeal. Plaintiffs have not yet had the opportunity to brief and argue those claims of error in this Court. We ought not to prejudge their merits in these proceedings before plaintiffs have had such opportunity and this Court has had the benefit thereof. The only question now before us is whether plaintiffs are entitled to the writ permitting them to present their appeal in the main case on a partial transcript. The merits of that appeal are not before us. Accordingly, we must decline to pass on them in these proceedings.

If necessary, let a writ issue as plaintiffs have prayed.

Carr, C. J., and Kelly, Black, Kavanagh, Souris, Otis M. Smith, and Adams, JJ., concurred.