TAYLOR v. LOWE.

1. TRIAL—REDIRECT EXAMINATION—EVIDENCE.
   Rejection of proffered testimony on redirect examination in actions for malpractice, assault and battery, and rape *held,* not reversible error.

2. SAME—REJECTION OF EVIDENCE—DISPARAGEMENT BY TRIAL JUDGE.
   Alleged disparaging remarks of trial judge in rejecting testimony proffered by plaintiff on redirect examination *held,* not to have resulted in reversible error.

3. APPEAL AND ERROR—QUESTIONS REVIEWABLE—SAVING QUESTIONS FOR REVIEW.
   Generally, no error is presented for review where no objection is made in the trial court and no ruling made by the trial judge, since the omission to raise an objection and save a question for review may have been tactical, and the trial judge has not been afforded an opportunity to take corrective judicial action.     .   .   .          .   .                          .   .

Appeal from Wayne; Sullivan (Joseph A.), J. Submitted November 7, 1963. (Calendar Nos. 63, 64, Docket Nos. 49,642, 49,643.) Decided February 3, 1964. Rehearing denied March 4, 1964.

Case by Alean Taylor against Townsend G. Lowe for malpractice, assault and battery, and rape. De-

------

⁎          REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am Jur, Witnesses § 562.
[2] 53 Am Jur, Trial §§ 76, 79.
[3] 5 Am Jur 2d, Appeal and Error §§ 553, 557.

rivative action by Isaac Taylor. Verdicts and judgments for defendant. Plaintiffs appeal. Affirmed.

*Louis L. Welner,* for plaintiffs.

*Moll, Desenberg, Purdy, Glover & Bayer,* for defendant.

PER CURIAM. A sufficiently descriptive background of these consolidated suits for damages will be found in *Taylor* v. *Wayne Circuit Judge,* 368 Mich 506.

The 4 questions mentioned in our previous decision have been duly briefed and argued. They are presented by appellants this way:

"1. Should corroborating real evidence as well as direct testimony be permitted on redirect examination to dispel unfavorable inferences brought out by the trial judge on direct examination and discussed on cross-examination?

"2. Was it prejudicial error for the trial judge to make disparaging remarks in ruling upon the proposed introduction of certain evidence?

"3. Was it prejudicial error for the trial judge to charge the jury before plaintiffs could proceed with their rebuttal closing argument?

"4. Was it prejudicial error for the appellee to argue that his right to continue to practice medicine was related to the instant trial for money damages?"

Indicating no acceptance of the factual premises set forth in questions 1 and 2, we find upon consideration of the appendix and briefs that no error in rejection of proffered testimony occurred during the trial and that the remaining questions posed above were not raised and saved for review.

These are law cases. The *general* rule is that of "no objection—no ruling—no error presented." See application of such rule in *Gubas* v. *Bucsko,* 219 Mich

553, 556; and *Herbert* v. *Durgis,* 276 Mich 158, 166, and recent reiteration thereof in *Riste* v. *Grand Trunk W. R. Co.,* 368 Mich 32, 36. It must be applied to such remaining questions despite plea of counsel that the consequences of procedural omissions should not be visited upon client-litigants.

The trouble with such not unworthy plea is that an appellate court, bound as it is to follow its own rules lest litigation becomes endless, never knows when omissions of timely objection and due motion are tactical and when they are slothful. Thus does this Court continue to rule that counsel may not stand by, electing as we must assume to "take his chances on the verdict of the jury" (*Herbert* v. *Durgis, supra* at 166), and then raise questions which could and should have been raised in time for corrective judicial action. To this we add that the well-known exception, to such "no objection—no ruling—no error presented" precept, has not been made to appear. We refer to the instance where occurrences during trial and argument are so incurably prejudicial as to be beyond repair by curative instruction. Even then, counsel who sit by and fail to move prior to verdict for mistrial run the risk of determination here that what happened does not amount to reversible error.

Affirmed. Costs to defendant.

Kavanagh, C. J., and Dethmers, Kelly, Black, Souris, Smith, and O'Hara, JJ., concurred.

Adams, J., took no part in the decision of this case.