### PEOPLE *v.* COLEMAN

1. APPEAL AND ERROR—QUESTIONS REVIEWABLE—SAVING QUESTIONS FOR REVIEW.

    Generally, no error is presented for review where no objection is made in the trial court to the admission of evidence.

2. CRIMINAL LAW—ARMED ROBBERY—EVIDENCE—CIRCUMSTANTIAL EVIDENCE—ACQUISITION OF MONEY.

    Evidence of the defendant's sudden acquisition of money, or of a marked improvement in his financial condition subsequent to the time of the commission of the offense, is admissible in an action where the defendant is charged with a crime which is of such a nature that the acquisition of money may be regarded as a natural result of its perpetration, such as armed robbery and there is other evidence of the accused's guilt, although the source of the money is not definitely traced (CLS 1961, § 750.529).

3. SAME—TRIAL—WITNESSES—DILIGENCE—DISCRETION OF COURT.

    Ruling of trial judge that prosecutor, who offered testimony outlining his due diligence in attempting to subpoena one not a *res gestae* witness, was excused from producing a witness, *held*, not an abuse of judicial discretion.

Appeal from Macomb, Spier (James E.), J. Submitted Division 2 November 11, 1968, at Lansing. (Docket No. 4,027.) Decided November 29, 1968.

Robert Blaine Coleman was convicted of armed robbery. Defendant appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 601.
[2] 29 Am Jur 2d, Evidence § 291.
[3] 53 Am Jur, Trial § 95 *et seq.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, George N. Parris, Prosecuting Attorney, *Thaddeus F. Hamera,* Chief Appellate Lawyer, and *Don L. Milbourn,* Assistant Prosecuting Attorney, for the people.

*Lawrence A. Burns,* for defendant.

QUINN, P. J. Defendant's jury trial resulted in his conviction May 9, 1967, on a charge of armed robbery,* and he was sentenced May 18, 1967, to a term of 20 to 40 years. His appeal raises 7 issues.

Defendant's first contention is that hearsay testimony was admitted at trial in relation to the amount and denomination of money in the possession of the complaining witness just prior to the robbery. The record does not establish that the testimony complained of was hearsay.

The third point raised by defendant is that error was committed by admitting evidence of his identification by police photographs when defendant did not take the stand. No objection to this evidence was made below, and the question is not saved for review. *Taylor* v. *Lowe* (1964), 372 Mich 282.

Defendant's fourth, fifth, and seventh issues relate to instructions to the jury. Although afforded the opportunity, defendant failed to object to the instructions given. He cannot now complain. GCR 1963, 516.2.

At trial, over objection of defendant, the people were permitted to show that defendant had large sums of money in his possession the day after the robbery, and it was not shown to be money from the robbery. This, defendant contends, was reversible error absent a foundation showing his impecuniousness prior to the robbery. To support this posi-

---

* CLS 1961, § 750.529 (Stat Ann 1968 Cum Supp § 28.797).

tion, defendant cites *State* v. *Ball* (Mo, 1960), 339 SW2d 783, and *People* v. *Orloff* (1944), 65 Cal App 2d 614, 151 P2d 288. We find *Ball* to be factually inapposite and *Orloff* was disavowed in *People* v. *Gardner* (1954), 128 Cal App 2d 1 (274 P2d 908).

91 ALR 2d, 1046, 1048, states the majority rule on this point as follows:

"Where a defendant is charged with a crime which is of such a nature that the acquisition of money may be regarded as a natural result of its perpetration, and there is other evidence of the accused's guilt, evidence of the defendant's sudden acquisition of money, or of a marked improvement in his financial condition at or subsequent to the time of the commission of the offense, is admissible, although the source of the money is not definitely traced."

This we believe is a sound statement of the law on the question, and we adopt it as controlling in this case.

Finally, defendant asserts reversible error was committed at trial because the prosecuting attorney was not required to indorse and produce as a witness one Ralston, and to produce witnesses Gorman and Fico. Ralston, Gorman, and Fico were not res gestae witnesses. On motion of the prosecuting attorney prior to trial, Ralston and Gorman were stricken from the list of witnesses indorsed on the information, and we find no abuse of discretion or error in not requiring their production at trial. When service of subpoena on Fico was attempted, it was discovered he was in Florida. There is no clear abuse of discretion shown on the part of the trial judge in not requiring the production of Fico at trial . *People* v. *Kern* (1967), 6 Mich App 406.

Affirmed.

HOLBROOK and VANDER WAL, JJ., concurred.