PEOPLE v. JACKSON

APPEAL AND ERROR—JURY INSTRUCTIONS—PRESERVING QUESTION—
COURT RULE.

The Court of Appeals will not review jury instructions where no
objections were made at the time that they were given, as
required by court rule, unless adherence to this rule would
result in a clear injustice; hence errors in jury instructions
relied upon by defendant for appellate relief were not preserved
for review where defense counsel, when asked by the trial judge
if he were satisfied with the court charge, replied that he had
no objections, and the record showed that no clear injustice
would result by following the rule (GCR 1963, 516.2).

Appeal from Recorder's Court of Detroit, Traf-
fic and Ordinance Division, John R. Kirwan, J. Sub-
mitted Division 1 April 16, 1970, at Detroit. (Dock-
et No. 6,075.) Decided April 30, 1970. Leave to
appeal denied July 1, 1970. See 383 Mich 801.

William E. Jackson was convicted of negligent
homicide. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, and *Thomas P. Smith,* Assist-
ant Prosecuting Attorney, for the people.

REFERENCE FOR POINTS IN HEADNOTE

5 Am Jur 2d, Appeal and Error § 623.

*Arthur Tarnow* (Defenders' Office—Legal Aid and Defenders Association of Detroit), for defendant on appeal.

Before: Lesinski, C. J., and Quinn and O'Hara,* JJ.

Per Curiam. Defendant was tried for and convicted by a jury of negligent homicide, MCLA § 750.324 (Stat Ann 1970 Cum Supp § 28.556). May 10, 1968, he was sentenced and he appeals. Four of the issues raised on appeal relate to jury instructions. A fifth issue raised on appeal, attacking the sufficiency of the testimony on the preliminary examination, was raised for the first time on motion for new trial. The issue was not preserved for appellate review. *People* v. *Willis* (1965), 1 Mich App 428.

At about 4:25 p.m. February 9, 1967, defendant was operating his motor vehicle in a southerly direction on Woodward Avenue in Detroit. At the intersection of Woodward and Montcalm Avenues, the traffic signal was red, requiring Woodward Avenue traffic to stop at Montcalm. Defendant proceeded through the red light without stopping and collided with a motor vehicle crossing Woodward Avenue in an easterly direction on Montcalm. The driver of the vehicle on Montcalm was injured and died as a result of the injuries.

At the conclusion of his jury instructions, the trial judge excused the jury and inquired of the prosecuting attorney if he was satisfied with the charge. The prosecuting attorney replied in the affirmative, and defense counsel stated, "No objection to the

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

charge". The errors relied on for appellate relief were not preserved. GCR 1963, 516.2; *People* v. *Coleman* (1968), 14 Mich App 515. A review of this record does not reveal that a clear injustice will be done if we abide by the rule. *People* v. *Paul F. Baker* (1967), 7 Mich App 471.

Affirmed.