STATE BAR GRIEVANCE ADMINISTRATOR v GRUBBS

Docket No. 56644. Submitted November 6, 1975 (Calendar No. 8).—
Decided April 1, 1976. Rehearing denied 397 Mich 958.

An order of discipline made by unanimous vote of a quorum of a
hearing panel suspending Norman J. Grubbs from the practice
of law for 60 days. The State Bar Grievance Board affirmed.
Respondent did not challenge the panel's findings of fact con-
cerning his failure to appear and represent a client at sentenc-
ing and his failure to answer the request for investigation.
Respondent appeals. *Held:*

No prejudicial error resulted from action by the hearing
panel with a quorum of two of the three members present
because the vote was unanimous. Failure to include on the
hearing panel attorneys familiar with the practice of criminal
law did not result in a denial of due process. A respondent is
required to answer a request for investigation except for the
express conditions set forth in the State Bar Grievance Board
Rules. Suspension of the respondent was warranted where he
was retained to represent a defendant in a criminal case and
failed to appear at sentencing, and then failed to answer the
request for investigation.

Affirmed.

1. A<small>TTORNEY AND</small> C<small>LIENT</small>—S<small>TATE</small> B<small>AR</small> G<small>RIEVANCE</small> B<small>OARD</small>—H<small>EARING</small>
P<small>ANEL</small>—Q<small>UORUM</small>.

A grievance proceeding before a State Bar Grievance Board
hearing panel did not deny the respondent due process where a
quorum of two of the three panel members was present and
unanimously voted for the order of discipline (Grievance Board
Rule 16.3.2).

2. A<small>TTORNEY AND</small> C<small>LIENT</small>—S<small>TATE</small> B<small>AR</small> G<small>RIEVANCE</small> B<small>OARD</small>—H<small>EARING</small>
P<small>ANEL</small>—M<small>EMBERS</small>.

Failure in a grievance proceeding before a State Bar Grievance
Board hearing panel to select attorneys familiar with the type
of practice in which the respondent is engaged as members of

R<small>EFERENCES FOR</small> P<small>OINTS IN</small> H<small>EADNOTES</small>
[1–5] 7 Am Jur 2d, Attorneys at Law §§ 32–37.

the hearing panel did not result in a denial of due process (Grievance Board Rule 16.3.1).

3. ATTORNEY AND CLIENT—STATE BAR GRIEVANCE BOARD—DISCIPLINARY PROCEEDINGS—REQUEST FOR INVESTIGATION.

An attorney is required to answer a request for investigation under the rules of the State Bar Grievance Board, except for the express conditions set forth in the State Bar Grievance Board Rules; the determination that a request for investigation is frivolous is for the State Bar Grievance Administrator and the Grievance Board, not for the respondent (Grievance Board Rules 16.6, 16.7).

4. ATTORNEY AND CLIENT—STATE BAR GRIEVANCE BOARD—DISCIPLINARY PROCEEDINGS—RETAINER—DUTY TO CLIENT.

Failure of an attorney to appear and represent a client at sentencing after accepting a retainer is a violation of the Code of Professional Responsibility and suspension from the practice of law for 60 days was warranted where the respondent failed to answer the State Bar Grievance Administrator's request for investigation of the matter (Canons of Professional Responsibility No. 6, Disciplinary Rule 6-101[A] [3]; State Bar Rule 15, § 2[4]; Grievance Board Rule 16.6).

5. ATTORNEY AND CLIENT—RETAINER—DUTY TO CLIENT.

Once a lawyer accepts retainer to represent a client he is obliged to exert his best efforts wholeheartedly to advance the client's legitimate interests with fidelity and diligence until he is relieved of that obligation either by his client or the court.

*Louis Rosenzweig* for the State Bar Grievance Administrator.

*William F. Bledsoe* for respondent.

KAVANAGH, C. J. This is an appeal from an order of the State Bar Grievance Board of January 17, 1975 affirming an order of discipline made by Wayne County Hearing Panel No. 14 on April 18, 1974 suspending respondent's license to practice law for 60 days.

Respondent does not challenge the correctness of the hearing panel's findings of fact, but raises four issues for our consideration.

(1) Was respondent denied due process of law by not having three members of the hearing panel hear his case? (2) Was the method of selecting the hearing panel violative of respondent's constitutional rights? (3) Did respondent have a right not to answer the formal complaint? (4) Were Canon 6 of the Code of Professional Responsibility and rules 15, § 2(4) and 15, § 2(7) of the Supreme Court rules relating to the State Bar of Michigan violated in such a manner as to warrant the suspension?

## I

At the opening of the hearing in this matter, respondent's counsel noted that there were only two members of the three-member panel present. The chairman responded that two members constitute a quorum and that the third member of the panel was in trial. That was the end of the discussion on that particular matter.

Respondent argues on appeal that rule 16.3.2 provides that a "hearing panel shall act by vote of a majority", and a panel of only two denies the respondent a majority vote. It is also contended that respondent was improperly denied the possible dissent of the third member which would still allow for a majority vote.

A quorum of two was present. The vote was unanimous.

While the potential for difficulty is provided by the use of a panel with only two members present, *e.g.,* a tie vote, we find no prejudicial error in this instance.

## II

Respondent contends that the manner of selec-

tion of attorneys for hearing panels is arbitrary and capricious, thereby depriving respondent of a fair hearing. The basis for this argument appears to be that attorneys who do not practice criminal law would be unable to understand fully the unique difficulties connected with such a practice, and thus would not afford a fair hearing.

Again, while it might be advisable for a hearing panel to include practitioners familiar with the type of practice in which respondent is engaged, failure to do so did not result in a denial of due process.

## III

Respondent failed to answer the request for investigation contrary to Grievance Board Rule 16.6 and State Bar Rule 15, § 2(7).

Respondent contends that he had a right not to answer a complaint which he alleges was "frivolous" and "tainted" and constituted an "obvious abuse of authority or failure to make a preliminary investigation".

Rule 16.6 of the Grievance Board Rules requires that after a respondent has been served with a copy of the request for investigation, the respondent "shall thereafter make a full and fair disclosure of all the facts and circumstances pertaining to his alleged misconduct unless his refusal to do so is predicated upon expressed constitutional or professional grounds, or defenses permitted by the General Court Rules".

Respondent did not make the necessary express objections to the requirement that he answer.

The reason put forth for his refusal to answer is that he was not allowed to review the investigative

file to determine what investigation had already been completed. Respondent contends that "a just disclosure by the administrator is a constitutional right that can only be expressly waived by the respondent. Without such waiver, the respondent is not compelled to reply". We disagree. Except for the express conditions of rule 16.6, the respondent is required to answer. *State Bar Grievance Administrator v Moes*, 389 Mich 258; 205 NW2d 428 (1973).

Respondent argues that the request for investigation was frivolous. That determination is for the administrator and the grievance board. Grievance Board Rule 16.7. They did not find the charges frivolous.

One means of persuading the administrator that the charges are frivolous is for the respondent to file an answer explaining the circumstances.

## IV

Finally, respondent argues that suspension was not appropriate in this case.

Respondent was retained to represent a defendant in a criminal case. His fee was paid. He appeared with his client who pled guilty. Sentencing was set for October 4, 1972. On October 2, 1972 the client phoned and informed respondent that he would be hospitalized on October 4, and requested him to postpone the sentencing date. Respondent failed to obtain the adjournment and did not appear. The sentencing was then scheduled for October 11th, and respondent's office was notified. On October 11th, respondent and client again failed to appear, and a capias was issued resulting in the client's arrest on November 20th. The client phoned respondent and informed him that he

would be sentenced November 22. On November 22, sentencing occurred in respondent's absence.

Respondent argues that his behavior was excusable and did not result in any injury to his client who received probation.

The hearing panel found this failure to appear and represent a client at sentencing to be a violation of Canon 6, DR 6-101(A)(3) of the Code of Professional Responsibility and rule 15, § 2(4) of the State Bar Rules. We agree.

"Once a lawyer accepts retainer to represent a client he is obliged to exert his best efforts wholeheartedly to advance the client's legitimate interests with fidelity and diligence until he is relieved of that obligation either by his client or the court." *State Bar of Michigan v Daggs,* 384 Mich 729, 732; 187 NW2d 227 (1971).

We have discussed above the failure of respondent to answer the complaint in violation of rule 15, § 2(7).

The hearing panel entered an order suspending respondent from the practice of law for 60 days and assessed costs and expenses incurred in processing the grievance. The State Bar Grievance Board affirmed the panel, and assessed additional costs.

We are satisfied from our review of the whole record that the panel's findings were adequately supported by the evidence, and warranted the disciplinary action imposed.

The board's order is affirmed.

WILLIAMS, LEVIN, COLEMAN, FITZGERALD, and LINDEMER, JJ., concurred with KAVANAGH, C. J.

RYAN, J., took no part in the decision of this case.