STATE BAR GRIEVANCE ADMINISTRATOR v CRANE

STATE BAR GRIEVANCE ADMINISTRATOR v ROTH

Docket Nos. 58723, 58743. Argued April 19, 1977 (Calendar Nos. 5, 6). —Decided July 18, 1977.

The State Bar Grievance Board found Stephen A. Crane and Gary A. Roth guilty of professional misconduct in failing to pursue an obligation to a client and ordered the respondents suspended from the practice of law for 30 days and 90 days respectively. Crane's associate, Donald LaKind, had entered into a retainer agreement with Eva and Henry Sturgeon to handle a personal injury claim. LaKind terminated his association with Crane's office and respondent Roth, who was then an associate of Crane's, advised Mrs. Sturgeon that he would handle the matter. Subsequently, Roth dissociated himself from Crane and notified Mrs. Sturgeon that he was taking her file with him. Roth testified that he "evaluated" the file, but took no other action after concluding that "there was no liability". Fourteen days before the statute of limitations was to expire on the client's claim, Roth sent a letter to advise his client, but Mrs. Sturgeon had moved to a different address and did not receive the letter. Respondents appeal from the order of suspension. *Held:*

1. An attorney may only be found guilty of misconduct as charged in the complaint. Respondent Roth argues that he was charged with allowing the statute of limitations to run on the complainant's claim but that he was found guilty of profes-

REFERENCES FOR POINTS IN HEADNOTES

[1] 7 Am Jur 2d, Attorneys at Law § 38.

[2] 7 Am Jur 2d, Attorneys at Law §§ 62, 110, 184–187.
Negligence, inattention, or professional incompetence in handling client's affairs as grounds for disciplinary action. 96 ALR2d 823.

[3] 7 Am Jur 2d, Attorneys at Law § 110.

[4] 7 Am Jur 2d, Attorneys at Law §§ 17, 64.

[5] 7 Am Jur 2d, Attorneys at Law § 67.

[6] 7 Am Jur 2d, Attorneys at Law § 17.

[7] 7 Am Jur 2d, Attorneys at Law § 194.

[8] 7 Am Jur 2d, Attorneys at Law § 10.

[9] 7 Am Jur 2d, Attorneys at Law § 181.

sional misconduct for inadequate notice to his client. After a careful review of the record it is clear that respondent Roth was properly charged and found culpable of permitting the complainant's cause of action to be barred by the statute of limitations through his inattention and neglect. The complaint effectively informed Roth of the charge against him and in no way prejudiced his opportunity to defend himself adequately. While the precise wording of the complaint may not have been exemplary, given the facts of the instant case, there was no miscarriage of justice.

2. The record supports the finding that respondent Roth assured the complainant that she was being competently and professionally served when in fact nothing was being done by him regarding her claim. The Court finds no merit in respondent Roth's other allegations of error. However, in view of the respondent's previously unblemished record and the equities of this particular case the period of Roth's suspension is reduced from 90 days to 30 days.

3. While it is true that under certain circumstances a senior attorney who assigns a file to an associate incurs some supervisory responsibilities, the record is clear in this case that respondent Crane was no longer respondent Roth's supervising attorney during the crucial period of the charged misconduct. The file in question was no longer entrusted to respondent Crane's firm for nearly two months before the statute of limitations ran. Attorney Roth was no longer a member of Crane's firm. Furthermore, the complainant acknowledged that she expected Roth to continue handling the matter for her. Under the circumstances, Roth became solely responsible for the file once he dissociated himself from Crane's firm.

4. While respondent Crane did not properly withdraw his firm from the case under the Disciplinary Rules of the Code of Professional Responsibility, the Court does not find grounds for disciplining Crane since Roth effectively informed the Sturgeons of Crane's withdrawal and they acknowledged Roth's assumption of responsibility. Respondent Crane was careless in protecting himself; however, any previous culpability was expunged, given these facts.

Reversed as to respondent Crane.

Affirmed as modified as to respondent Roth.

1. ATTORNEY AND CLIENT—STATE BAR GRIEVANCE BOARD—DISCIPLINARY PROCEEDINGS—MISCONDUCT—COMPLAINT.

An attorney may only be found guilty of professional misconduct as charged in the complaint.

2. ATTORNEY AND CLIENT—STATE BAR GRIEVANCE BOARD—MISCON-
DUCT—STATUTE OF LIMITATIONS.

An attorney was properly charged and found culpable of permit-
ting a client's personal injury claim, which he accepted by a
retainer fee agreement, to be barred by the statute of limita-
tions through his inattention and neglect where the complaint
effectively informed the respondent of the charge against him
and in no way prejudiced his opportunity to adequately defend
himself, the respondent testified that he "evaluated" the file,
but took no other action after concluding that "there was no
liability" except to attempt to notify his client when the statute
of limitations was about to expire, and where no miscarriage of
justice occurred which would be grounds for reversal of the
State Bar Grievance Board's proceeding (Code of Professional
Responsibility, DR 6-101[A][3], DR 7-101[A][2]; State Bar Rule
15, § 2[2]–15, § 2[4]; Grievance Board Rule 16.34[c]).

3. ATTORNEY AND CLIENT—STATE BAR GRIEVANCE BOARD—MISCON-
DUCT.

An attorney who assured a client that she was being competently
and professionally served when in fact nothing was being done
by him about her personal injury claim is guilty of professional
misconduct.

4. ATTORNEY AND CLIENT—STATE BAR GRIEVANCE BOARD—DUE PROC-
ESS—QUORUM.

An attorney was not denied due process because a member of a
State Bar Grievance Board hearing panel was not present for a
portion of the testimony in a disciplinary proceeding where a
quorum was present and the vote of the panel was unanimous.

5. ATTORNEY AND CLIENT—STATE BAR GRIEVANCE BOARD—STANDARD
OF PROOF.

The standard of proof in disciplinary proceedings of the State Bar
Grievance Board and its hearing panels is "a preponderance of
the evidence" (Grievance Board Rule 16.13).

6. ATTORNEY AND CLIENT—STATE BAR GRIEVANCE BOARD—HEARING
PANEL—QUESTIONING RESPONDENT.

Questions by a State Bar Grievance Board hearing panel member
to a respondent in a disciplinary proceeding do not constitute
bias or prejudice which would violate the respondent's right of
due process where it is clear the panel member was only
attempting to sharpen the issue and ascertain the facts.

7. ATTORNEY AND CLIENT—STATE BAR GRIEVANCE BOARD—BILL OF
    PARTICULARS—COPIES OF DOCUMENT.
    An attorney was not denied due process in a disciplinary proceed-
    ing because his demand for copies of documents, lists of wit-
    nesses and a bill of particulars was not met where he made no
    attempt to enforce his demand by bringing it to the attention of
    the hearing panel at the hearing nor made an assignment of
    error in the petition for review by the State Bar Grievance
    Board.

8. ATTORNEY AND CLIENT—PROFESSIONAL RESPONSIBILITY—SUPERVIS-
    ING ATTORNEY—WITHDRAWAL.
    A senior attorney who assigns a file to an associate incurs some
    supervisory responsibilities under certain circumstances and
    properly should withdraw his firm from a case if the associate
    terminates his association with the firm and continues to
    handle the matter for the client (Code of Professional Responsi-
    bility, DR 2-110).

9. ATTORNEY AND CLIENT—PROFESSIONAL RESPONSIBILITY—SUPERVIS-
    ING ATTORNEY.
    The State Bar Grievance Board did not have grounds for disci-
    plining an attorney who did not properly withdraw his firm
    from a case in which a former associate permitted the statute
    of limitations to expire on a client's claim where the first
    attorney was not supervising the former associate during the
    crucial period of the charged misconduct and the client who
    was injured by the misconduct acknowledged that she expected
    the former associate to continue handling the matter after his
    dissociation from the firm, and where the former associate had
    sufficient time to investigate, prepare and commence suit on his
    own (Code of Professional Responsibility, DR 2-110).

*Louis Rosenzweig,* Counsel to State Bar Griev-
ance Administrator.

*Lopatin, Miller, Bindes, Freedman & Bluestone*
(by *Albert Lopatin* and *H. Barry Woodrow)* for
respondent Crane.

*Zemke & Lustig, P. C.,* for respondent Roth.

BLAIR MOODY, JR., J. This is a joint appeal from
an order of the State Bar Grievance Board of July

21, 1976, affirming an order of discipline entered by Wayne County Hearing Panel No. 14 on January 22, 1976. The instant order of discipline suspended respondent Stephen A. Crane's license to practice law for 30 days and respondent Gary A. Roth's license to practice law for 90 days.

There is no dispute as to the material facts involved in this case.

In March, 1969, complainants Eva and Henry Sturgeon telephoned respondent Crane in connection with an automobile accident in which Eva Sturgeon was involved on February 18, 1969. Eva Sturgeon evidently had collided with a large truck. She claimed that the cause of the accident was a defective accelerator on her automobile. As a result of the accident, Eva Sturgeon had suffered fractures of both ankles. Mr. Crane evidently agreed that his firm would represent the Sturgeons.

Respondent Crane proceeded to assign Ms. Sturgeon's case to his associate, Donald LaKind. Mr. LaKind subsequently visited the Sturgeon's home. At that time he interviewed the Sturgeons and secured a contingent fee retainer agreement for respondent Crane's firm. The signatories to the agreement, dated March 10, 1969, were Mr. LaKind and the Sturgeons.

Approximately two years later, respondent Roth contacted Eva Sturgeon and advised her that Mr. LaKind was no longer associated with respondent Crane's firm and that he, Roth, would be handling her case.

By January of 1972, respondent Roth also had terminated his association with respondent Crane's office. Roth informed Ms. Sturgeon of this change *and* told her that he was taking her file with him.

On February 4, 1972, 14 days before the three-year statute of limitations would expire, respondent Roth allegedly sent Ms. Sturgeon a form letter indicating that he was withdrawing from the case. In his letter, respondent Roth allegedly wrote complainant Sturgeon that he did not believe he could recover in her case and that if she desired to pursue the matter, she should contact another attorney. Respondent Roth also purportedly informed Ms. Sturgeon that the statute of limitations would run on February 18, 1972.

Eva Sturgeon claimed she never received the letter. Uncontroverted evidence taken before the hearing panel indicated that she had moved to a new address some months earlier. Respondent Roth could not produce any evidence of either certification or a return-receipt-requested register number regarding the letter.

Respondents Crane and Roth both were found guilty of professional misconduct for their handling of the Sturgeons' case in violation of Canons 6 and 7 of the Code of Professional Responsibility, to wit, DR 6-101(A)(3) and DR 7-101(A)(2), and State Bar Rule 15, § 2(2) through 15, § 2(4).[1]

---

[1] "DR 6-101. Failing to Act Competently.
"(A) A lawyer shall not:

\* \* \*

"(3) Neglect a legal matter entrusted to him."
"DR 7-101. Representing a Client Zealously.
"(A) A lawyer shall not intentionally:

\* \* \*

"(2) Fail to carry out a contract of employment entered into with a client for professional services, but he may withdraw as permitted under DR 2-110, DR 5-102, and DR 5-105."
"Rule 15. Standards of Conduct.

\* \* \*

"Sec. 2. Grounds for Discipline in General. The following acts or omissions by a member of the bar of this State, individually or in concert with any other person or persons, shall constitute misconduct

We will examine the issues raised on appeal by respondents Roth and Crane separately.

I

Respondent Roth raises several issues for our consideration.

Initially, Roth maintains that he was denied due process of law because he was found guilty of professional misconduct not charged in the complaint.

The formal complaint filed against respondent Roth charged two acts of professional misconduct:

"d. That by reason of neglect and/or inattention of respondent, Eva L. Sturgeon's cause of action was barred by the statute of limitations on February 18, 1972.

"e. That despite numerous telephone inquiries by Eva L. Sturgeon, of respondent, she was repeatedly assured by him that she was being competently and professionally served."

The hearing panel's finding of facts as to these two allegations were stated thus:

"[d] The three-year statute of limitations passed and no lawsuit was started. No advice was given the Sturgeons that effectively informed them that the statute had run, or that either Mr. Crane or Mr. Roth were withdrawing as counsel for the plaintiffs in a timely

and shall be grounds for discipline whether or not the act or omission occurred in the course of an attorney-client relationship.

\* \* \*

"(2) Conduct that exposes the legal profession or the courts to obloquy, contempt, censure or reproach;

"(3) Conduct that is contrary to justice, ethics, honesty or good morals;

"(4) Conduct that violates the standards or rules of ethics or professional responsibility adopted from time to time by the Supreme Court of this State \* \* \* ."

fashion. A letter allegedly addressed by Mr. Roth to the plaintiffs, sent some two weeks before the statute ran on a printed form, was the only communication directed to the Sturgeons, and was wholly inadequate both in scope and in timeliness.

\* \* \*

"[e] \* \* \* Mr. Roth made representations to them relative to pending litigation that were not true.

"There is no evidence that Mr. Crane or Mr. Roth ever retained an expert to examine the vehicle, or to evaluate the claims of Mrs. Sturgeon in a professionally competent fashion.

\* \* \*

"Although Mr. Roth informed the Sturgeons that he was taking over the case, he in turn did nothing.

"The fact that the case was without merit, as viewed by Mr. LaKind and Mr. Roth, and seemingly conveyed to Mr. Crane, was never brought to the attention of the clients."

Roth contends that the panel's finding of fact regarding allegation "d" does not support the original charge. Roth asserts that he was charged with allowing Eva Sturgeon's cause of action to be "barred by the statute of limitations \* \* \* by reason of neglect and/or inattention".

However, respondent Roth maintains that he was found guilty of professional misconduct because the Sturgeons were not "effectively informed" that the statute was about to run and because the notice given was "wholly inadequate" —not because he allowed the statute to run. Therefore, Roth contends he was denied due process of law because "[a]n attorney may only be found guilty of misconduct as charged in the complaint". *State Bar Grievance Administrator v Jackson,* 390 Mich 147, 155; 211 NW2d 38 (1973). See also *In re Ruffalo,* 390 US 544; 88 S Ct 1222; 20 L Ed 2d 117 (1968).

While we agree with respondent Roth's statement of the general proposition of law, we believe that the distinction which he posits in the case at bar is too esoteric and suggests legal hairsplitting.

We have carefully reviewed both the hearing panel and grievance board's findings of fact in the instant case. It is clear to us that respondent Roth was properly charged and found culpable of permitting complainant Sturgeon's cause of action to be *barred* by the statute of limitations through his inattention and neglect.

While the precise wording of the complaint (d) may not be exemplary, it effectively informed Mr. Roth of the charge against him and in no way prejudiced his opportunity to adequately defend himself. Given the facts of the instant case, we do not believe any miscarriage of justice occurred:

"No investigation or proceedings hereunder shall be held invalid by reason of any nonprejudicial irregularity, nor for any error not resulting in a miscarriage of justice." Grievance Board Rule 16.34(c).

Therefore, we affirm the panel and board's judgment as to allegation "d".

We also affirm the hearing panel's finding of fact as to allegation "e". The record supports the finding that respondent Roth assured Eva Sturgeon "that she was being competently and professionally served" when in fact *nothing* was done by him regarding her claim. Respondent Roth's own testimony and the testimony of complainant Sturgeon unequivocally support both the allegation and the finding.[2] The grievance board concurred in that finding in its review of this proceeding:

---

[2] We reject outright respondent's contention that the panel's finding or the board's order contradicts the great weight of the evidence.

" * * * Mr. Roth's activities on behalf of the complainant were wholly inadequate, and apparently consisted of a few telephone calls, a review of the file, and a conclusion, reached in October, 1971, that there was no cause for action. The record indicates that, despite this conclusion, Roth never invited the client to his office to explain his conclusion, never advised her of it by telephone, and, in fact, waited until February 14, 1972 *[sic]* to have his secretary send her a form letter in which she [the secretary] simply filled in certain blanks."

We find no merit in respondent Roth's other allegations of error.

(1) Respondent was not denied due process because a member of the hearing panel was not present for a portion of the testimony. A quorum of two was present and the vote of the panel was unanimous. Therefore, no prejudice occurred. See *State Bar Grievance Administrator v Grubbs,* 396 Mich 275, 277; 240 NW2d 233 (1976).

(2) The standard of proof employed by the panel and grievance board was correctly stated as "a preponderance of the evidence". See Grievance Board Rule 16.13 and *State Bar Grievance Administrator v Posler,* 390 Mich 581, 583; 213 NW2d 133 (1973).

(3) We find no due process error in a member of the hearing panel questioning respondent regarding his actions in the instant matter. It is clear the panel member was only attempting to sharpen the issue and ascertain the facts. This does not constitute bias or prejudice. See *State Bar Grievance Administrator v Baun,* 395 Mich 28; 232 NW2d 621 (1975).

(4) Respondent was not denied due process because his demand for copies of documents, lists of witnesses and a bill of particulars was not met.

Respondent made no attempt to enforce his demand by bringing it to the attention of the panel at the hearing. Nor did he make an assignment of error regarding this matter in his petition for review by the grievance board. Therefore, we can only conclude that respondent waived his demand since neither the panel nor the board was given an opportunity to take corrective action. *Cf. Taylor v Lowe,* 372 Mich 282, 283; 126 NW2d 104 (1964).

We conclude, therefore, that the hearing panel and grievance board's findings in Roth's case are supported by competent evidence on the whole record. These findings fully support and warrant disciplinary action by the State Bar Grievance Administrator.

However, this Court has the authority under Grievance Board Rule 16.24(h) to "make such order as may be deemed appropriate" concerning the actual disciplinary action taken. In view of that authority, the respondent's previously unblemished record and the equities of this particular case, we affirm the board's order of suspension; but we reduce the period of suspension from 90 days to 30 days. *State Bar Grievance Administrator v Estes,* 390 Mich 585; 212 NW2d 903 (1973). The panel and board's determination as to costs, and other requirements, are affirmed.

## II

Respondent Crane contends that the hearing panel and grievance board erred in finding him guilty of professional misconduct in the instant case. We agree with respondent and accordingly reverse both the panel and the board.

The hearing panel and grievance board found that respondent Crane failed to fulfill his continuing obligation to supervise his associates' handling

of Eva Sturgeon's case after his firm[3] had entered into a retainer agreement with her.

The panel and board maintain that respondent Crane's failure to adequately supervise his associates' handling of a legal matter entrusted to him constitutes professional misconduct. DR 6-101(A)(3) and DR 7-101(A)(2), *supra.* Furthermore, the panel and board found respondent Crane professionally culpable because he never properly withdrew from the case. Code of Professional Responsibility, DR 2-110(A)(2).[4]

A careful reading of the record in the instant case, however, does not support the panel's conclusions. The following uncontroverted facts were clearly established at the hearing through the testimony of complainant Sturgeon and respondent Roth:

(1) Although the contingent fee agreement was with the "Law Offices of Stephen A. Crane", complainant Sturgeon initially dealt only with attorney LaKind and was under the impression that he was expediting her case. She never met respondent Crane.

(2) Complainant Sturgeon was fully informed by attorney Roth that he, Roth, was replacing LaKind and that he would be handling her case.

(3) Later, complainant Sturgeon was personally notified by attorney Roth that he was leaving

---

[3] The official firm name: "Law Offices of Stephen A. Crane".

[4] "DR2-110. Withdrawal from Employment

"(A) In general.

*    *    *

"(2) In any event, a lawyer shall not withdraw from employment until he has taken reasonable steps to avoid foreseeable prejudice to the rights of his client, including giving due notice to his client, allowing time for employment of other counsel, delivering to the client all papers and property to which the client is entitled, and complying with applicable laws and rules."

respondent Crane's firm *and* would be taking her file with him.

(4) Complainant Sturgeon agreed to attorney Roth's taking her file with him into a new law firm.[5]

(5) Events (3) and (4) occurred approximately two months before respondent Roth allegedly attempted to withdraw from the case and before the statute of limitations expired.

Given this unique factual sequence, we are unwilling to hold respondent Crane culpable of professional misconduct. While it is true that under certain circumstances a senior attorney who assigns a file to an associate incurs some supervisory responsibilities, the record is clear in this case that respondent Crane was no longer attorney Roth's supervising attorney during the crucial period of the charged misconduct.

Both attorney Roth and complainant Sturgeon testified that the file in question was no longer entrusted to respondent Crane's firm for nearly two months prior to the running of the statute of limitations. Attorney Roth was no longer a member of Crane's firm. Furthermore, Ms. Sturgeon acknowledged that she expected Mr. Roth to continue handling the matter for her.[6] We find these facts to be critical.

---

[5] The firm name: "Law Offices—Bressler and Roth".

[6] Hearing panel transcript, pp 94–95:

*Panel Member:* "Mrs. Sturgeon, there is one thing that interests me. Did you understand when Mr. Roth took over this case in December of 1971, that he was going to handle it and Mr. Crane was no longer going to handle this case?

"The reason I ask that is this: As I understand.the facts, you talked to Mr. Crane because some friend of yours referred you to Mr. Crane?

*Complainant:* "Yes.

*Panel Member:* "From there on an associate of Mr. Crane came to see you, handled the matter for a while. Then Mr. Roth informed you that he was going to take the case and he handled it for a while.

Therefore, whatever respondent Crane's previous association with the Sturgeons, LaKind and Roth may or may not have been becomes inconsequential. Under the circumstances Roth became solely responsible for the file once he disassociated himself from Crane's firm. Roth had sufficient time to investigate, prepare and commence suit on his own.

Additionally, we find scant evidence to support any finding of fact that the Sturgeons ever seriously believed Crane was the supervising attorney even while Messrs. LaKind and Roth were handling the file for Crane's office.

Finally, while we agree with the panel and board that respondent Crane did not properly withdraw his firm from the case, Code of Professional Responsibility, DR 2-110(A)(2), we do not find grounds for disciplining Crane *in this case* since Roth effectively informed the Sturgeons of Crane's withdrawal. Furthermore, the Sturgeons acknowledged and accepted Roth's assumption of responsibility. Respondent Crane was careless in protecting himself; however, any previous culpability, actual or alleged, was expunged, given these facts.

In light of the foregoing, we reverse the grievance board's order of discipline regarding respondent Crane. The State Bar Grievance Administrator shall reimburse Crane for any costs assessed by the grievance board.

---

Then you learned that Mr. Crane and Mr. Roth had broken up and you continued to do business with Mr. Roth; is that correct?

*Complainant:* "That is right.

*Panel Member:* "So that you were looking to Mr. Roth to handle your matter for you; is that the idea?

*Complainant:* "Yes, until he told me otherwise.

*Panel Member:* "And he never did?

*Complainant:* "He never told me any different."

## III

As to respondent Roth, the grievance board's order is affirmed as modified. No costs.

As to respondent Crane, the grievance board's order is reversed. Costs to respondent-appellant.

KAVANAGH, C. J., and WILLIAMS, LEVIN, COLEMAN, FITZGERALD, and RYAN, JJ., concurred with BLAIR MOODY, JR., J.