STATE BAR GRIEVANCE ADMINISTRATOR v GERALDS

Docket No. 59442. Submitted January 4, 1978 (Calendar No. 7).— Decided March 13, 1978.

The State Bar Grievance Board found Monte R. Geralds guilty of professional misconduct for commingling a client's money with his own and converting the client's funds for his own gain without her permission and permanently revoked the respondent's license to practice law. Respondent appeals. *Held:*

There is ample support in the record for the findings and conclusions of the State Bar Grievance Board hearing panel. The respondent's client had not been billed for all the professional services which the respondent performed, but, if the transfer of funds by respondent from their joint savings account to serve as a downpayment on an office building was intended to enforce an attorney's lien, as the respondent argues, the client was not informed of it. The disciplinary rules do not permit an attorney to enforce an attorney's lien by helping himself to the client's funds. The Court is not convinced that the respondent acted with propriety and in conformity to the disciplinary rules. Denial of the last-minute request to permit amendment of the respondent's answer did not result in a miscarriage of justice. However, in the light of the respondent's previously unblemished record as well as all the circumstances surrounding his relationship with his client, the Court modifies the order of discipline to suspension from the practice of law for three years.

Affirmed as modified.

*Eugene N. LaBelle,* Associate Counsel to State Bar Grievance Administrator.

*Patmon, Young & Kirk, P.C.,* for respondent.

PER CURIAM. This is an appeal from an order of the State Bar Grievance Board dated February 3, 1977 which affirmed a disciplinary order entered by Wayne county hearing panel no. 5 on Septem-

ber 30, 1976. The order of discipline permanently revoked Monte R. Geralds' license to practice law.

Mr. Geralds was charged with three counts of professional misconduct, two of which were dismissed following a protracted hearing. The hearing panel determined that Mr. Geralds violated DR 9-102(A) and DR 9-102(B) of the Code of Professional Responsibility,[1] and State Bar Rule 15, §§ 2(1)–2(3).[2] The conclusion of the hearing panel

[1] Canon 9 reads: "A lawyer should avoid even the appearance of professional impropriety." DR 9-102 provides:

"(A) All funds of clients paid to a lawyer or law firm, other than advances for costs and expenses, shall be deposited in one or more identifiable bank accounts maintained in the state in which the law office is situated and no funds belonging to the lawyer or law firm shall be deposited therein except as follows:

"(1) Funds reasonably sufficient to pay bank charges may be deposited therein.

"(2) Funds belonging in part to a client and in part presently or potentially to the lawyer or law firm must be deposited therein, but the portion belonging to the lawyer or law firm may be withdrawn when due unless the right of the lawyer or law firm to receive it is disputed by the client, in which event the disputed portion shall not be withdrawn until the dispute is finally resolved.

"(B) A lawyer shall:

"(1) Promptly notify a client of the receipt of his funds, securities, or other properties.

"(2) Identify and label securities and properties of a client promptly upon receipt and place them in a safe deposit box or other place of safekeeping as soon as practicable.

"(3) Maintain complete records of all funds, securities, and other properties of a client coming into the possession of the lawyer and render appropriate accounts to his client regarding them.

"(4) Promptly pay or deliver to the client as requested by a client the funds, securities, or other properties in the possession of the lawyer which the client is entitled to receive."

[2] State Bar Rule 15 reads in pertinent part:

"Sec. 2. Grounds for Discipline in General. The following acts or omissions by a member of the bar of this state, individually or in concert with any other person or persons, shall constitute misconduct and shall be grounds for discipline whether or not the act or omission occurred in the course of an attorney-client relationship.

"(1) Conduct prejudicial to the proper administration of justice;

"(2) Conduct that exposes the legal profession or the courts to obloquy, contempt, censure or reproach;

"(3) Conduct that is contrary to justice, ethics, honesty or good morals".

affirmed by the State Bar Grievance Board was:

"That during the representation of Geraldine Patria, by respondent, respondent had managed and had access to her funds and property; that he failed to preserve the identity of the funds and property of Mrs. Patria; that he commingled Mrs. Patria's money with his own by placing same in a joint savings account and subsequently in his personal account; that further respondent used Mrs. Patria's funds for his own gain, without her permission, in purchasing an office building in Madison Heights and that respondent converted a sum of money to his own use by purchasing certain POM stock in his own name and that his conduct violates Canon DR 9-102 subparagraph A and DR 9-102 subparagraph B."

Counsel for Mr. Geralds raises these issues:

(1) Was there record support for the findings and did the findings support the conclusion that violations of DR 9-102 and Rule 15 took place?

(2) Did the hearing panel abuse its discretion in not allowing Mr. Geralds to amend his answers?

(3) Is the disciplinary order unreasonably punitive and discriminatory?

"In State Bar disciplinary pleadings on appeal to the Supreme Court, we review the findings and conclusions of the hearing panel, as affirmed by the State Bar Grievance Board, to determine whether they 'have proper evidentiary support on the whole record'. *State Bar Grievance Administrator v Estes,* 390 Mich 585, 593; 212 NW2d 903 (1973); Grievance Board Rule 16.24(h)." *State Bar Grievance Administrator v Beck,* 400 Mich 40, 46; 252 NW2d 795 (1977).

There is ample support in the more than 1,000-page transcript of the proceedings for the findings and conclusions of the hearing panel. A detailed exposition of the facts is unwarranted. Suffice it to

say that in December, 1970, client Patria gave Mr. Geralds more than $33,000 to redeem foreclosed real property. Nonpertinent reasons militated against using the money for redemption and Mr. Geralds deposited the funds in a joint savings account. In October, 1971 he withdrew approximately $13,000 and placed it in his personal checking account. Mr. Geralds tendered a personal check for the purchase of some 4,000 shares of stock in his name. The client had no prior knowledge of this investment. It was not until years later that the client learned specifically of the transaction through her newly retained attorney who secured an accounting from Mr. Geralds. Mr. Geralds maintained that the stocks were purchased on behalf of the client and that he had mentioned an investment to his client shortly after the transaction. At the time of the hearing below, the stock remained with Mr. Geralds.

In January, 1972, Mr. Geralds withdrew $9,200 of funds from the joint savings account and applied it as a downpayment on his new office building. Again the client was not notified of this transaction; no security was given. Mr. Geralds suggests that the transaction was proper in that it constituted an enforcement of an attorney's lien as well as a collection of an apparently overdue promissory note. The record indicates the client received legal services from Mr. Geralds from 1967 through 1974. Notwithstanding that Mr. Geralds failed to bill his client after 1969, it is suggested the DR 9-102(A)(2) grants an attorney an alternative means to enforce an attorney lien by helping one's self to funds of a client. This Court cannot agree with the interpretation given to DR 9-102 by Mr. Geralds. Client Patria was not notified that the enforcement of a so-called attorney's lien, if

any, had been undertaken by Mr. Geralds by removal of funds from a joint savings account to serve as a downpayment on an office building. The Court is unconvinced that attorney Geralds acted with propriety and in conformity to the standards required under DR 9-102 and State Bar Rule 15.

Denial of the last-minute request for an amendment of the answer did not result in a miscarriage of justice. *State Bar Grievance Administrator v Crane,* 400 Mich 484, 492; 255 NW2d 624 (1977):

"Given the facts of the instant case, we do not believe any miscarriage of justice occurred:

" 'No investigation or proceedings hereunder shall be held invalid by reason of any nonprejudicial irregularity, nor for any error not resulting in a miscarriage of justice.' Grievance Board Rule 16.34(c)."

In light of Mr. Geralds' "previously unblemished record"[3] as well as the totality of circumstances surrounding the relationship between Geralds and client Patria, the Court hereby modifies the discipline imposed to a suspension from the practice of law for three years. In all other respects the hearing panel and grievance board's determinations are affirmed.

KAVANAGH, C.J., and WILLIAMS, LEVIN, COLEMAN, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred.

---

[3] See *State Bar Grievance Administrator v Crane,* 400 Mich 484, 494; 255 NW2d 624 (1977).