786 F.2d 1166
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
DANNY R. ST. JOHN, Petitioner-Appellant
v.
DALE FOLTZ, Respondent-Appellee.
 85-1129
 United States Court of Appeals, Sixth Circuit.
 2/21/86
 
 E.D.Mich.
 AFFIRMED
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN
 Before: KEITH and MARTIN, Circuit Judges; and BERTELSMAN,* District Judge.
 PER CURIAM.
 
 
 1
 On March 24, 1978, Danny St. John was convicted by a Michigan jury for first and fourth degree criminal sexual conduct, in violation of MCLA 750.520(b)(1)(d) and 750.520(e). He was sentenced to concurrent terms of forty to sixty years for the first degree offense, and sixteen months to two years for the fourth degree count. The Michigan Court of Appeals affirmed St. John's conviction, and the Michigan Supreme Court denied leave to appeal.
 
 
 2
 St. John then filed a petition for a writ of habeas corpus in the United States District Court for the Eastern District of Michigan. The district judge denied the petition, and St. John now appeals that denial.
 
 
 3
 St. John was tried for the rape of Debra Mayes, a sixteen-year-old girl who claimed that St. John and another man abducted her as she was waiting for her school bus in Toledo, Ohio. She testified that the two men drove her to a wooded area in Michigan, raped her, threw her clothes in a tree, and abandoned her. About a month later, St. John was questioned about the offense at State Police headquarters in Toledo. St. John, who was intoxicated at the time, at first told Detective James Carnes he could not remember the incident. He was questioned again later that evening, and during this interview admitted having sex with Ms. Mayes with her consent. When Carnes asked St. John why he had thrown Ms. Mayes' clothing in a tree and abandoned her in the woods, St. John asked for his attorney.
 
 
 4
 This exchange forms the basis for one of St. John's claims before this Court. St. John contends that the prosecutors improperly commented on his refusal to continue his interview Detective Carnes. The prosecutor elicited testimony from both Carnes and St. John, who took the stand in his own defense, concerning St. John's termination of the interview. The prosecutor referred specifically to the incident in his closing argument, stating:
 
 
 5
 Mr. St. John was picked up subsequent to this occurring, and told the story that first, he didn't know anything about it, and later told that the girl consented. But yet, when asked why did you leave her there, he stopped right at that point; said I better not tell you anything more. Never named his friend, Joe. Never gave the police his name. Because this didn't happen? It happened the way he claimed? Maybe Joe could have helped out, I don't know. He had no duty to do that, but he didn't do it.
 
 
 6
 The defense made no objection to this argument.
 
 
 7
 St. John's second argument is based on the judge's instructions to the jury to give special scrutiny to the defendant's testimony. The judge stated:
 
 
 8
 In this case, the defendant has taken the stand in his own behalf. He has a right to have his testimony tested the same as that of any other witness. If it is rational, natural, and consistent with the other facts as you determine them to be, it may outweigh all the other witnesses in the case or at least cause to exist in your mind a reasonable doubt where otherwise such doubt might not exist.
 
 
 9
 At the same time, when I say he is entitled to have his testimony treated the same as that of any other witness, you must also bear in mind the situation in which he is placed when he is testifying before you. That is, he stands here charged with a serious offense, and should--you should remember the temptation that would there be to him, if guilty, to tell such story, whether true or false, as will best conserve his own interests. However, that is all for your consideration, and you are the sole judges of the facts in this case.
 
 
 10
 The defense did not object to these instructions.
 
 
 11
 It is well established that a failure to preserve a point of error by objecting at trial can amount to an adequate and independent state procedural ground for affirming the conviction. Wainwright v. Sykes, 433 U.S. 72, 81-82, 86-87 (1977); People v. Hall, 396 Mich. 650, 242 N.W.2d 377 (1976). It is undisputed that St. John's trial counsel did not object to the statements quoted above. Therefore, this Court must first determine whether Michigan's contemporaneous objection rule precluded petitioner from raising on direct appeal the issues he now raises. Maupin v. Smith, No. 84-5446, slip op. (February, 1986). If it does, we may not grant habeas corpus review absent a showing of both 'cause' and 'prejudice' under Wainwright.
 
 
 12
 If, however, the state court overlooks the procedural default and addresses the merits of the case, the cause and prejudice standard does not apply. McBee v. Grant, 763 F.2d 811, 813 (6th Cir. 1985); Hockenbury v. Sowders, 620 F.2d 111, 115 (6th Cir. 1980), cert. denied, 450 U.S. 933 (1981). If the state court's opinion can be interpreted as relying on either the procedural default or the merits, the Wainwright standard is applied if the procedural default was a 'substantial basis' for the opinion. Gilbert v. Parke, 763 F.2d 821, 824 (6th Cir. 1985); Hockenbury, 620 F.2d at 115.
 
 
 13
 In this case, the Michigan Court of Appeals noted St. John's argument regarding the prosecutor's comments, observed that no objection was made at trial, and concluded: 'Our review does not indicate error so prejudicial as to warrant reversal on this ground. Taylor v. Lowe, 372 Mich. 282, 126 N.W.2d 104 (1964); People v. Swan, 56 Mich. App. 22; 223 N.W.2d 346 (1974).' The district judge determined, by examining the cases cited, that the Michigan court had used the standard applicable in cases involving a failure to make a contemporaneous objection, and therefore disposed of this first issue on procedural grounds.
 
 
 14
 We decline to express an opinion on whether Michigan law applies the 'manifest injustice' standard only to cases involving a failure to object, or to all challenges to a criminal conviction. See MCLA 769.26 (1982 and Supp. 1985); People v. Wright, 408 Mich. 1, 30 n.13, 289 N.W.2d 1 (1980). We believe that the language of the state court clearly indicates that the procedural default constituted at least a 'substantial basis' for its opinion. See McBee, 763 F.2d at 814. The district court's dismissal of this claim because of St. John's failure to even attempt to show 'cause' under Wainwright was therefore correct.
 
 
 15
 The second issue is a more difficult one, because the Michigan court held only that St. John's argument regarding the jury instructions given by the trial judge was 'likewise without merit. People v. Trammell, 70 Mich. App. 351, 355, 247 N.W.2d 311 (1976).' Because Trammell specifically held that the manifest injustice standard applied when a defendant failed to object to jury instructions, the district judge again concluded that '[b]ecause the manifest injustice rule applies only when one of the parties failed to object, the Michigan Court of Appeals must have invoked the contemporaneous objection rule.' St. John v. Foltz, No. 83-CV-4269-DT (Dec. 3, 1984) at 7.
 
 
 16
 Again, we agree with the district court's conclusion, but for slightly different reasons. As this court has held, 'the use of the word 'merit' in such a conclusory denial of a claim does not indicate whether the state court reached the merits, relied upon the procedural default, or did both.' Gilbert, 763 F.2d at 824. See Raper v. Mintzes, 706 F.2d 161, 164 (6th Cir. 1983). Presumably, Michigan courts review the merits of each case to some extent in order to rule on its manifest injustice exception to the contemporaneous objection rule. McBee, 763 F.2d at 814 and n.2.
 
 
 17
 We believe that under the facts of this case, where the procedural objections were presented to the state court, and the court expressly noted them, the procedural default formed at least a 'substantial basis' for its decision. The state court's citation of cases involving a criminal defendant's failure to object lends further support to this conclusion.
 
 
 18
 Petitioner's argument that Michigan courts have often waived the contemporaneous objection requirement where fifth amendment rights were implicated does not alter our conclusion. Clearly a federal court must defer to a state court's application of its own procedural requirements. See County Court of Ulster v. Allen, 442 U.S. 140, 154 (1979); McBee, 763 F.2d at 816. The Michigan Court of Appeals has declined its opportunity to correct any error in this case.
 
 
 19
 The decision of the district court is affirmed.
 
 
 
 *
 The Honorable William O. Bertelsman, United States District Judge for the Eastern District of Kentucky, sitting by designation